The Norwich and Worcester Railroad Company *v.* Kay.

---

## The Norwich and Worcester Railroad Company *vs.* Kay.

The finding of a court, upon a question of fact, is conclusive, and can not be reviewed by motion in error, founded on a bill of exceptions, when no question of law arises thereon.

A party can not bring up his whole case for revision, by a bill of exceptions.

This was an action of book debt, brought by James Kay, against the Norwich and Worcester Railroad Company, and tried in the county court for New London county, on the general issue, closed to the court.

On the trial, the following facts were found by the court :

The plaintiff introduced an account against the defendants, of which the following is a copy, to wit:

" Nov. 5,      Norwich and Worcester R. R. Co.,
   1852.                                    To James Kay Dr.

For services in examining books, &c., by order of the board of directors, as per vote of the board, 14 July, 1852, being similar services as in 1849 and 1850,   -   - $50.00."

The services charged in said account were performed by the plaintiff, between the 14th day of July and the 5th day of November, 1852, pursuant to the following vote, passed by the board of directors of said company, on the 14th day of July, 1852; viz.: " Voted, that James Kay, Esq., be and is hereby appointed to examine the accounts of the treasurer and ticket clerk, from the date of the last examination, June 1st, 1850, to May 31st, 1852, and report the result to the board." And the court found that said services were reasonably worth the sum of $50.

The plaintiff was employed by the defendants, as a bookkeeper, from 1847 until November or December, 1852. He entered that employment, under an agreement with the defendants, to keep and take charge of the ledger and general accounts, in the office of their treasurer, at a salary of $700 a year, but did not stipulate with them, to examine the accounts of their treasurer, or ticket clerk, without extra compensation. The defendants paid the plaintiff said salary of $700, for services performed according to said agreement, until July, 1848, when the same was reduced to $600 a year; and thenceforward until the 1st day of January, 1851, the salary of the plaintiff remained unchanged.

On the 14th day of December, 1848, the defendants passed a vote, that said " Kay be requested to examine the accounts of the treasurer of the company and ticket clerk, from the date of the last examination, (30th of November 1846, to Nov. 30th, 1848,) and report the result to the board." The service specified in this vote was performed by the

plaintiff, and the defendants paid him therefor, as extra service, the sum of $50.

On the 13th day of June, 1850, the defendants passed a vote, that said Kay " be requested to examine the accounts of the treasurer of the company and ticket clerk, from the date of the last examination (May 31st, 1849, to the 31st day of May last,) and report the result to the board." The plaintiff was paid by the defendants, for performing the service required by this vote, an extra compensation of fifty dollars.

On the 26th day of December, 1850, the plaintiff renewed his application for an increase of his salary, from $600 to $700 a year; and the board of directors, at a meeting held on the same day, passed the following vote, to wit : " Voted, that the salary of Mr. Kay be six hundred and fifty dollars, from the first proximo."

At the time said last vote was passed, there was a verbal understanding among the directors of said company, that, in consideration of the sum therein named, the plaintiff should thereafter examine the accounts of the treasurer and ticket clerk, as well as keep and take charge of the ledger and general accounts in the treasurer's office ; and that understanding was soon afterward communicated to the plaintiff, by the president and treasurer of said company. The plaintiff, on receiving said communication, expressed to said president and treasurer his dissatisfaction with the proceedings of said board of directors, and did not then or afterward assent thereto, or agree to accept said sum of six hundred and fifty dollars, as a compensation for performing all said services.

The only service performed by the plaintiff, for the defendants, from the first of January, 1851, to the first of January, 1852, was that of keeping and taking charge of the ledger and general accounts in the treasurer's office; and the defendants paid him for that service the sum of six hundred and fifty dollars.

From the first day of January, 1852, to the time of leaving the defendants' service, the plaintiff continued to keep and take charge of said ledger and general accounts, as he had done before, in addition to the service charged in his said account; and the defendants paid him, on account of said services, at the rate of $650 a year, and no more.

Upon this state of facts, the court rendered judgment in favor of the plaintiff, for the sum of fifty dollars debt, and his costs.

The defendants, excepting to the decision of the court, filed their bill of exceptions thereto, embracing the facts above stated, which was allowed, and thereupon, by motion in error, removed the cause to the superior court, where the judgment of said county court was affirmed. The record was then, by motion in error, brought before this court, for revision.

*Wait* and *E. Perkins,* in support of the motion.

*Halsey,* contra.

HINMAN, J. The plaintiff in the court below, at the time when he performed the service for which he claimed to recover in this action, was the book-keeper of the defendants, and, as such, was entitled to a regular salary. The case turned upon whether he was bound to perform this service, as a part of his duty, as book-keeper, or, whether it was extra service, for which he was entitled to extra compensation. The bill of exceptions gives a history of the dealings between the plaintiff and the defendants, from the year 1847, when he first entered into their service, down to November or December, 1852, when the connection terminated. During the time when the plaintiff was thus employed by the defendants, they had, on two or three occasions, paid him an amount equal to the sum charged by him in this instance, for extra service of precisely the same character as that for which he claimed to recover, in this action. The

court found the service to have been reasonably worth the sum charged for it ; and, relying, as we suppose, principally upon the previous dealings of the parties, as evidence of their understanding and agreement, that the services should be paid for, as extra service, rendered judgment in favor of the plaintiff, for the amount charged in his bill. It is apparent, from this statement, that no question of law arises upon the bill of exceptions. The question is, whether the court drew the correct inference, as to the agreement of the parties ; and that is wholly a question of fact. There is no claim, that any improper evidence was received, or that it did not conduce to prove the facts which must have been found by the court. But the claim is, that, taking the whole evidence recited in the bill of exceptions together, the court came to a wrong conclusion. If this was so, we could not review it, on this application : the finding of the court is as conclusive, on a matter of fact, as the finding of a jury. Besides, the defendants attempt, in this way, to bring up the whole case for review, on a bill of exceptions, which has often been held to be irregular. *Shelton* v. *Hoadley,* 15 Conn. R., 535. On both these grounds, the court advise the superior court, there is no error in the judgment complained of.

In this opinion, the other judges concurred, except ELLS-WORTH, J., who tried the cause in the court below, and was disqualified.

Judgment affirmed.