FISKE H. VENTRES *v.* INLAND WETLANDS AND WATERCOURSES COMMISSION OF THE TOWN OF BURLINGTON ET AL.
(9357)

FISKE H. VENTRES *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF BURLINGTON ET AL.
(9556)

DUPONT, C. J., SPALLONE and O'CONNELL, Js.

Argued May 29—decision released August 27, 1991

*Edward F. Scully,* for the appellant (plaintiff in both cases).

*Charles W. Bauer,* for the appellees (defendants in each case).

O'CONNELL, J. This case involves the trial court's dismissal of related appeals from two Burlington land use agencies. One appeal originated from the decision of the Burlington inland wetlands and watercourses commission (wetlands agency) denying the plaintiff's application for a permit to conduct regulated activities on land he sought to develop as a subdivision.[1] The other appeal emanated from the decision of the Burlington planning and zoning commission (commission) decision denying the plaintiff's subdivision application.[2] We granted certification to hear the plaintiff's appeal of the commission's decision pursuant to General Statutes §§ 8-8 (o) and 8-9. No certification was required to hear the wetlands agency appeal because, pursuant to General Statutes § 22a-34, the plaintiff was entitled to a direct appeal.[3]

---

[1] In the wetlands agency appeal the plaintiff claims the trial court (1) improperly applied the substantial evidence standard, (2) reached a legal conclusion beyond its scope of review, (3) improperly relied on a United States department of agriculture report, and (4) misapplied General Statutes § 22a-41.

[2] In the commission appeal the plaintiff claims that the trial court improperly determined that the wetlands agency report constituted a final decision required by General Statutes § 8-26.

[3] Fiske H. Ventres died while these appeals were pending in this court. Jennifer Ventres Filler, executrix under his will, was substituted as the party plaintiff.

The following facts are relevant to these appeals. The wetlands agency held a public hearing on the plaintiff's application and received extensive and conflicting evidence on the impact of the proposed project on the wetlands. The wetlands agency denied the application, giving, inter alia, the following reason for its action: "Inadequate soil erosion and sediment control plan presented for the proposed subdivision, as noted by J. Eric Sherer, district conservationist USDA—soil conservation service, in a report dated November 16, 1988."

Subsequently the commission based its denial of the plaintiff's subdivision application on an unfavorable report it received from the wetlands agency. See General Statutes § 8-26. The trial court found that there was substantial evidence before the wetlands agency to support its conclusion and dismissed the appeal.

The plaintiff's claims relative to the wetlands agency decision are subsumed under the general objection that the wetlands agency did not have substantial evidence before it to deny his permit. "In determining whether an administrative finding is supported by 'substantial evidence,' a court must defer to the agency's assessment of the credibility of witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." *Briggs* v. *State Employees Retirement Commission,* 210 Conn. 214, 217, 554 A.2d 292 (1989). Local agencies are granted broad discretion because " 'they are the closest to the circumstances and conditions which "create the problem and shape the solution." . . .' " (Citations omitted.) *Frito-Lay, Inc.* v. *Planning & Zoning Commission,* 206 Conn. 554, 573, 538 A.2d 1039 (1988). Although the issue before the wetlands agency was disputed, the trial court could not substitute its judgment for that of the agency. *New Haven* v. *Freedom of Information Commission,* 205 Conn. 767, 773, 535 A.2d 1297

(1988). If any of the stated reasons is sufficient to support the wetlands agency's actions, it must be sustained. *Frito-Lay, Inc.* v. *Planning & Zoning Commission,* supra, 576. Thus the trial court's dismissal of the plaintiff's appeal was proper because the wetlands agency based its denial on the soil erosion report.

The plaintiff also claims that the commission improperly denied approval of the subdivision application because it never received a final decision from the wetlands agency. In reviewing the appeal from the commission's decision we turn to General Statutes § 8-26, which reads in part as follows: "The commission shall not render a decision until the inland wetlands agency has submitted a report with its final decision to such commission. . . . In making its decision the commission shall give due consideration to the report of the inland wetlands agency." We are not persuaded by the plaintiff's argument that this statute required both a report and a final decision. The trial court properly concluded that the wetlands agency's final decision was contained in the report that the commission received and therefore satisfied the statute.

The judgment of the trial court is affirmed in each case.

In this opinion the other judges concurred.