[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the West Hartford Town Plan and Zoning Commission (TPZ) acting in its function as the Inland Wetlands and Watercourses Agency for the Town which decision denied the application of the plaintiffs for a permit to conduct certain regulated activities on their property located at Ferncliff Drive. TPZ found that the planned construction of two (2) homes on the 5.16 acre property has a high risk of erosion and sedimentation which would adversely impact on the surrounding homes, has a foot print of the house on Lot 2 requiring grading and filling of sixty (60) feet of an intermittent watercourse and that there are reasonable and prudent alternatives which allow the same activity. The plaintiffs alleged that they are aggrieved by the illegal action in that the application complied with the requirements of the regulations and that TPC based the decision on reasons which are not lawful or articulated in the General Statutes; the reasons are not supported by the record or substantial evidence; and that TPC exceeded its authority, failed to follow its regulations and the General Statutes, all of which deprives the plaintiffs of the lawful use of its property.
 I
The plaintiff points out that G.S. 22a-42(a) states "It is hereby declared to be the public policy of the state to require municipal regulation of activities affecting wetlands and watercourses within the territorial limits of the various municipalities or districts," and that the TPZ may only regulate those activities which adversely affect inland wetlands and watercourses. The plaintiff claims therefore that any reasons given to deny this application based on the concerns for local drainage systems and anticipated adverse effect on the CT Page 976 any environment in general are beyond the authority of the TPZ.
The decision of the agency must be sustained where the record discloses evidence that supports any one of the reasons given. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525,539-40. The local wetlands agency serves as the sole agent for licensing of regulated activities by providing an orderly process to balance the need for economic growth and the protection of wetlands in the public interest. The legislature recognized the need to preserve and protect our fragile natural resource by minimizing their disturbance and pollution in preventing damage from erosion, turbidity or siltation. Id. 551. Whether the agency gave no reasons or the reasons given appeared inadequate, the court must search the entire record to determine whether there is a basis for the action taken. Gagnon v. Inland Wetlands Watercourses Commission, 213 Conn. 604,608-611. Even though certain reasons given here appear to be grounded on the affect on the general environment and the drainage onto the land of neighbors and the local drainage systems, the correlative affect is clear. The grading and filling of sixty (60) feet of an intermittent watercourse impacts on the wetlands, and erosion and sedimentation which impacts on neighbors of a wetlands necessarily impacts on the wetlands itself.
 II
It is correct as the plaintiffs state in their brief that the decision of the inlaid wetlands agency must be sustained if an examination of the record discloses evidence that supports any one of the reasons given. Gagnon v. Inland Wetlands 
Watercourses Commission, supra, 608. In such examination the court must defer to the agency's assessment of the credibility of witnesses, even as to an expert. Briggs v. State Employees Retirement Commission, 210 Conn. 214, 217. The reviewing court is restricted to the standard applied in setting aside a verdict in a jury case. Huck v. Inland Wetlands Watercourses Agency, supra, 541. The record reflects that the TPZ received comments from Town employee, Charles Guarino, a civil engineer, of fears of erosion from the proposed construction and a reminder of the failures on previous steep slope constructions, DR 24, as well as from the Conservation Environment Commission concerning the anticipated impact to be expected from the construction of such large houses. DR 17. The plaintiffs in their brief admit to the difficulty in the proposed drainage of their property which presently contains an "intermittent watercourse (arising) from slope runoff, concentrated to a large extent by the rough-grading of a paper road located at the western edge of the property and known as Eastcliff Drive, and discharges to the developed wetlands which constitute the backyards of the CT Page 977 residences on Arlen Way. This slope runoff then flows across these backyards into the storm gutter of Arlen Way and eventually into the storm drainage system within Arlen Way. p. 2. Both Dr. Luce and Dr. Mareschi of Meehan Associates, plaintiffs' experts, testified that the proposed drainage system will not increase the runoff from the site into the Arlen Way storm drainage system. However, both Mr. Guarino, the Town staff engineer and Mr. Juliano, the engineering expert hired by the neighbors, although admitting that such system was extensive still feared for its failure. Considering the present runoff which floods the Arlen Way backyards as testified by the neighbors, the added potential for erosion which the volume of fill proposed presents, and the dispute as to the ultimate success of the plaintiffs' proposed drainage system certainly would warrant considering other alternatives. It is the burden of the plaintiff challenging the decision of the agency to establish that the record is insufficient to support the action. Red Hill Coalition, Inc. v. Conservation Commission,212 Conn. 710, 718. There the issue before the agency was disputed the trial court can not substitute its judgment for that of the agency. Ventres v. Inland Wetlands Watercourses Commission, 25 Conn. App. 572, 574. Further, an administrative agency is not required to believe any witness, even an expert or use any particular material presented to it as long as the conduct of the hearing is fundamentally fair. Manor Development Corporation v. Conservation Commission, 180 Conn. 692, 697. There is nothing presented to indicate that the hearing was unfair. III
The plaintiffs claim that even though G.S. 22a-41(b) requires that a permit not be issued unless the Commission finds that a feasible and prudent alternative does not exist, the alternative found by the TPZ is impracticable and therefore no such alternative exists. The reference is to the TPZ's suggestion that a smaller footprint of the building and a variance of the height restriction would reduce the amount of grading and filling considered, thereby reducing the impact on the wetlands.
Where zoning restrictions are tantamount to an unconstitutional taking of property without just compensation it is practical confiscation for which the court may set aside or modify the action. The legislature has empowered the Commissioner of environmental protection and municipalities to purchase wetlands (G.A. 22a-42), Gil v. Inland Wetlands 
Watercourses Agency, 219 Conn. 404, 412-13. To demonstrate the requisite finality, a property owner asserting a regulatory taking claim bears the burden of proving that the relevant government entity will not allow any reasonable alternative use CT Page 978 of his property. Id. 415. The plaintiffs have not presented this matter to the agency and therefore not to the court that the plaintiff's interest in developing the property merits constitutional protection against uncompensated regulatory takings. Nor can this court find that the denial of this one application demonstrates that the agency will not allow any reasonable residential development, particulary when the denial appears based on the footprint of the proposed buildings and the volume of fill to be placed on the intermittent watercourse.
For the above reasons the appeal is dismissed.
CORRIGAN, J.