[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by David and Sharon Ewaskie (Ewaskie) from a 7/13/94 decision of the Naugatuck Inland Wetlands Commission (Commission), approving a modification of a soil erosion plan for the construction of a large Wal-Mart supermarket. Although the plaintiffs do not own property adjoining or within a vicinity to be statutorily aggrieved[1], they claim to be classically aggrieved by that decision. Their claim is that the blasting of rock ledge to excavate the site will possibly affect the well water supply on their property. That well is some 500 to 600 feet from and upgrade of the construction site. The plaintiffs presented testimony from a civil engineer that the blasting might affect the aquifer feeding the plaintiffs' well by releasing the ground water from the area.
The defendants have moved to dismiss the appeal, arguing that the plaintiffs are not aggrieved by the Commission's approval of the plan.
 [I]n order to have standing to bring an administrative appeal, a person or entity must be aggrieved. . . . Aggrievement is a question of fact for the trial court and the plaintiff has the burden of proving that fact. . . . Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal. . . . In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction.
(Citations omitted.) New England Rehabilitation Hospital, Inc.v. Commission on Hospitals and Health Care, 226 Conn. 105, 120-21,627 A.2d 1257 (1993). CT Page 4455
 The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . .
(Quotation marks omitted; citations omitted.) Pomazi v.Conservation Commission, 220 Conn. 476, 482, 600 A.2d 320
(1991); see also Munhall v. Inland Wetlands Commission,221 Conn. 46, 51, 602 A.2d 566 (1992).
Here, in order to have the aggrievement required to bring the appeal, the plaintiffs must demonstrate that their property was to be specially and injuriously affected by the decision of the Commission, in approving an erosion and sedimentation plan which provided for blasting. Id., 51.
In March of 1994, Wal-Mart filed a soil and sedimentation control plan which was referred by the Naugatuck Zoning Commission to the Inland Wetlands and Watercourses Commission of Naugatuck and approved by it on June 8, 1994. The plaintiffs took no appeal from that decision. In July, Wal-Mart applied for a modification of the erosion and sedimentation control plan, which was approved by the Commission on July 13, 1994. Thereafter, the appeal followed.
 I.
Wal-Mart argues that only the changes in July 13 certification may be considered in this appeal. It cites Haynes v. PowerFacility Evaluation Council, 177 Conn. 623, 419 A.2d 342 (1979), which, however, has no application in this case since the Power Facility Council had regulations concerning amendments of approvals with appeals, which the subject Commission did not. CT Page 4456
The appeal here involves an erosion and sediment control plan required by General Statutes § 22a-329(2). That plan consists of a narrative and a map that sets forth the measures to be used to minimize erosion sedimentation during the construction phase of the project. As required by statute and regulation, the plan must provide guidance to the contractor and the town inspector to manage situations arising during the course of construction that have a potential for erosion and sedimentation. See General Statutes § 22a-237(5); see also T. Tondro, Connecticut Land Use Regulations (2d Ed.), Ch. 5(b), pp. 333-335. Since it is apparent that the July 14 plan covered a new and revised construction scheme, the court may consider the plan as it applies to the new construction scheme, which includes provisions for blasting. The prior approval did concern a construction phase which also used blasting, but when the construction plans were modified, the erosion and sedimentation plan was for the new and revised construction scheme and not the former scheme. As such, the entire plan for that construction activity approved on July 14 may be considered in this appeal.
The question remains whether in the context of the construction contemplated in the area, the potential effect of the blasting on the Ewaskies' well should have been considered in the approval of the erosion and sedimentation plan.
The Commission had authority to consider soil erosion and sediment control during construction under the Soil Erosion and Sediment Control Act, Sections 22a-325 to 22a-329 of the General Statutes. Ventres v. Inland Wetland and Watercourses Commission,25 Conn. App. 572, 574, 595 A.2d 914 (1991); see also General Statutes § 22a-239(2) (requiring a soil and erosion plan to be submitted for any application for development when the developed area subject to erosion is more than one-half acre). Blasting would constitute "land disturbing activities associated with development" under the act. See General Statutes § 22a-326; see also General Statutes § 22a-327(2). Soil erosion is defined by the act as the detachment and movement of soil or rock fragments by, inter alia, water and gravity. General Statutes § 22a-327(3). The Commission guidelines for such controls shall include the model regulations adopted by the State Department of Environmental Protection, Section 22a-328, supra. Those regulations provide for measures in a plan to control both surface and ground water. See Section C(5) of the Connecticut Guidelines for Soil Erosion and Sediment Control of CT Page 4457 the Connecticut Council on Soil and Water Conservation issued by the Connecticut Department of Environmental Protection and adopted by the Commission. Those model regulations set forth that seeps as well as streams, soils and rock outcroppings are material features which are re required or should be considered in developing such a plan and in its approval. Id.
Since the Ewaskies claim that their well aquifer could be drained by the water borne movement of soil and rock from blasting vibrations, the court holds the Commission did have authority to consider that claim with respect to the erosion and sedimentation plan. It is true, as the Commission argues, that the State fire marshal had authority to regulate the use of explosives and to require vibration instruments. However, the Commission does admit that "the only aspect of blasting which was subject to its review is whether the blasting would cause soil erosion during construction." Since the Ewaskies have demonstrated that such erosion could possibly affect their well supply by releasing the ground water, they have and are found to be aggrieved. See Pomazi v. Conservation Commission, supra,220 Conn. 476, 482 (aggrievement established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected).
The court finds the Ewaskies are property owners whose property may be specially and injuriously affected by the implementation of the construction plan covered by the July 14th erosion and sedimentation plan.
Accordingly, the Commission's motion to dismiss is denied.