[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This administrative appeal is brought by Kenyon Oil Company, Inc. ("Kenyon"), appealing certain conditions attached to a site CT Page 10011 plan approval granted to Kenyon by the Zoning Section, Planning and Zoning Commission, Town of Hamden, regarding property located at 1671 Whitney Avenue, Hamden. The appellant is seeking that its appeal be sustained and the offending conditions be declared null and void by the court.
The record discloses the following procedural and factual background.
Kenyon Oil is the lessee of the property located at 1671 Whitney Avenue, Hamden. Kenyon was operating a gas station, with pumps and bays at the location. On January 12, 1996, Kenyon submitted an application to the Zoning Section, Planning and Zoning Commission, for site plan approval for the operation of a convenience store (in lieu of the service bays) at the location, as well as the maintenance of the gas pump retail sale operation. The property is located in a CDD-3 zone.
The Zoning Regulations of the Town of Hamden (revised to May 9, 1995) provide, in salient part: "Uses Permitted By Right. The following uses are permitted in the CDD-3 District subject to Site Plan approval in accordance with Section 840 . . . stores for the sale of goods sold at retail, first-hand (including liquor stores) and containing less than 5,000 square feet of floor area. . . ." (p. V-16.) Kenyon's proposed store contains less than 5,000 square feet and is for the sale of first-hand goods at retail. The Town Planner, by Inter-Office Memo dated March 5, 1996, confirmed to the Zoning Section, Planning and Zoning Commission, in regard to the application, "The gas station is a non-conforming use in the CDD-3 Zone. However the conversion from car repairs to retail represents a diminution of the non-conforming use. The site plan presented conforms with theregulations and appears to be a functional design." (Bold added. Return of Record Item 22.)
The day before this memo, a Hamden City Counsel member submitted a letter to the Commission in opposition to the application. It noted, "[m]ost other businesses in the area are closed by 9:00 P.M. and it would be disruptive to have a store generating appreciable traffic open later than that." (Return of Record Item 21.) This letter was appended to the Town Planner's memo to the Zoning Section. (Return of Record Item 22, p. 2.) Notwithstanding the Town Planner's confirmation that the site plan of Kenyon conforms with the regulations, he went on to recommend approval subject to numerous conditions (one of which CT Page 10012 limited hours of operation to 6:00 A.M. through 9:00 P.M.).
At its meeting of March 5, 1995, the Zoning Section of the Planning and Zoning Commission (hereinafter, "the Commission"), considered and then voted upon Kenyon's application. The Commission voted to grant site plan approval subject to six conditions. Of the six conditions, three are subject of this appeal. (Actually, plaintiff initially appealed from five of the conditions but abandoned two of them by failing to brief them, and, so acknowledged at oral argument.) The three conditions appealed from are:
1. The applicant must obtain a zoning permit by September 5, 1996 or the approval will be null and void;
2. All work must be completed by March 5, 1998, or the approval will be null and void; and
3. Hours of operation of the convenience store and gas station are restricted to 6:00 A.M. through 9:00 P.M.
The authority of the Commission to attach these three conditions to the approval is at issue in this appeal.
I. Aggrievement
Aggrievement is a jurisdictional issue. Therefore, aggrievement cannot be stipulated to or waived. "To be entitled to an appeal from a decision of the planning and zoning authorities, appellants must allege and prove that they were aggrieved parties. They are required to establish that they were aggrieved by showing that they had a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that they were specially and injuriously affected in their property or other legal interest. [Citations omitted.]" Gregorio v. Zoning Board of Appeals, 155 Conn. 422,425-426 (1967). ". . . [A]ggrievement must be established in the trial court. It is a question of fact for the trial court to determine. [Citations omitted.]" Parcesepe v. Zoning Board ofAppeals, 154 Conn. 46, 47 (1967); Primerica v. Planning ZoningCommission, 211 Conn. 85, 93 (1989).
Based upon the evidence provided at hearing, the court finds that the plaintiff, Kenyon Oil Company, Inc., is the lessee of CT Page 10013 the premises known as 1671 Whitney Avenue, Hamden (the premises at issue here), pursuant to a five-year lease which commenced on February 1, 1996. The court further finds that Kenyon is primarily engaged in the business of owning and operating gasoline stations/convenience marts that operate 24 hours a day. The court further finds that Kenyon has a specific, personal and legal interest in the appeal of the Commission's decision regarding the property at 1671 Whitney Avenue, Hamden. Richardsv. Planning and Zoning Commission, 170 Conn. 318, 323-324 (1976). Therefore, the plaintiff has sustained its burden of proof regarding aggrievement.
II. The Appeal On Its Merits
In considering the appeal, this court does not substitute its judgment for that of the Commission. The standard is well-established.
 In applying their zoning regulations to a particular situation, the commission is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. Toffolon v. Zoning Board of Appeals, 155 Conn. 558, 560, 236 A.2d 96; Connecticut Sand Stone Corporation v. Zoning Board of Appeals, 150 Conn. 439, 442, 190 A.2d 594. This court cannot substitute its discretion for the discretion enjoyed by the commission. Belknap v. Zoning Board of Appeals, 155 Conn. 380, 384, 232 A.2d 922; Zieky v. Town Plan Zoning Commission, 151 Conn. 265, 267, 196 A.2d 758. When reviewing the actions of the commission to determine if its findings complied with the standards set out in the regulations, we are not compelled to indulge in a microscopic search for technical infirmities. Parish of St. Andrew's Church v. Zoning Board of Appeals, 155 Conn. 350, 357, 232, A.2d 916; Silver Lane Pickle Co. v. Zoning Board of Appeals, 143 Conn. 316, 319, 122 A.2d 218. The determination of what the public interest requires is within the discretion of the commission. Wade v. Town Plan Zoning Commission, 145 Conn. 592, 595, 145 A.2d 597; Winslow v. Zoning Board, 143 Conn. 381, 391, 122 A.2d 789. It is only where the local zoning authority has acted arbitrarily or illegally and thus abused the discretion vested in it that the courts can grant relief on appeal. Stiles v.CT Page 10014 Town Council, 159 Conn. 212, 219, 268 A.2d 395.
McCrann v. Town Plan and Zoning Commission, 161 Conn. 65, 70-71
(1971).
A. Re Condition Imposing Limitation on Hours of Operation
The proposal of Kenyon to operate a gas station and convenience mart at 1671 Whitney Avenue, Hamden, is a use which is permitted as of right in its zoning district. The property is located in Controlled Development District 3 (CCD-3) which lists "[s]tores for the sale of goods sold at retail, first-hand (including liquor stores) and containing less than 5,000 square feet of floor area" as a use permitted by right, ". . . subject to Site Plan approval in accordance with Section 840." (Regulation § 592.1.) The application meets this definition. The applicant filed for site plan approval pursuant to §§ 592.1 and 840.
There is no dispute that Kenyon's site plan application was in full compliance with the Commission's regulations. The Town Planner reported to the Commission, both at the March 5, 1996 meeting and by written Inter-Office Memo of the same date that "[t]he site plan presented conforms with the regulations and appears to be a functional design." Nothing in the record would suggest anything to the contrary.
Connecticut General Statutes § 8-3 (g), the enabling legislation for zoning commission oversight of certain activities, provides: "The zoning regulations may require that a site plan be filed with the commission . . . to aid in determining the conformity of proposed building, use or structure with specific provisions of such regulations. . . . A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning . . . regulations."
The Commission asserts that its right to attach a condition limiting the hours of operation of the facility finds its authority in the language of the Controlled Development District regulations stating the purpose of this zoning district: "The purpose of the Controlled Development District 3 (DCC-3) is to encourage appropriate development within the Town's existing neighborhood business centers by providing for limited
retail . . . development in a mixed-use district." (Emphasis added.) It is the use of the word "limited" that, the Commission CT Page 10015 argues, is its authority to regulate hours of operation. The Commission sought to control the hours of operation to affect traffic flow and to keep the business harmonious with the area stores and residences. (Return, Item 23, pp. 10-14.)
Our Supreme Court has had occasion, however, to examine the effect of a use being permitted as of right in a particular zone, as here: "The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic municipal services, property values, or the general harmony of the district." Beit Havurah v.Zoning Board of Appeals, 177 Conn. 440, 443, 418 A.2d 82 (1979). Further, the Commission may only attach a condition to an approval where ". . . the language of a given zoning regulation . . . limit[s] the scope of the use. . . ." Friedmanv. Planning Zoning Commission, 222 Conn. 266, 266 (1992).
The use of the property at 1671 Whitney Avenue as a retail operation, as of right, is provided for in the regulation and therefore, conclusively, its use does not adversely affect the harmony of the neighborhood or traffic. The regulation provides no notice to a property owner (or lessee) that hours of operation will be limited in this use as of right. Connecticut GeneralStatutes § 8-3 (g) clearly requires that the requirements for site plan approval must be "already set forth in the zoning . . . regulations." No such provision, is in these regulations and to impose the time of operations restriction impermissibly legislates a new requirement.
Further, the word "limited" in Regulation § 591 must be read in the context of the regulations as a whole. Theaters and places of public assembly are also uses permitted as of right. Movie theaters routinely run movies past the closing hour indicated good for the neighborhood for this establishment by this Commission's decision: to impose that requirement of (9:00) P.M. on a theater would render it commercially not viable and, yet, it is a use permitted by right in the district. Even under a "rational relation" test, it would be a basic denial of equal protection if a commission imposed different hours of business for different establishments in the same zoning district. Therefore, the definition the Commission urges for the word "limited" within regulation 591 is internally inconsistent within itself. A review of the other Controlled Development Districts lead the court to the inescapable conclusion that the use of the CT Page 10016 word "limited" in the subject regulation finds its meaning in the distinction between the size, breadth and nature of the uses permitted in this district versus other districts in Hamden where such circumscribing language is not utilized.
As a part of its argument, the Commission asserts that the site plan regulations allow it to regulate the intensity of the use, which, it asserts, allows it to regulate hours of operation. The regulation the Commission relies on provides that, in regard to the site plan, ". . . the location and size of any proposed use, . . . as well as the nature and intensity of operations involved or conducted in connection therewith, will be in general harmony with the character of the surrounding neighborhood. . . ." (Regulations § 844.9.) The Commission is misguided in its reliance on Olsen v. Planning ZoningCommission of the Town of Stratford, (Superior Court, J.D. Fairfield at Bridgeport, Berdon, J., May 29, 1984) for support of this position. That case provided a trial court analysis of considerations of intensity of use as provided for in the zoning regulations in regard to an application for a special permit (or special exception, which are terms used interchangeably). An application for special permit or special exception is subject to a completely different level of scrutiny that a site plan review for a use permitted as of right. See Whisper Wind Dev. Corp. v.Plan Zon. Comm., 32 Conn. App. 515 (1993); Barberino Realty Development Corp. v. Planning Zoning Commission, 22 Conn. 607,616 (1992).
The Commission provides no authority for its position that the intensity to be considered includes hours of operation. Further, to read the right to regulate hours of operation into the right to require that the operation's intensity is in general harmony with the neighborhood is inconsistent with case law. The regulation as written gives no notice to an applicant that hours of regulation will be regulated through this section. Generalized statements of zoning purpose cannot be utilized as a basis to deny a site plan that is in compliance with the regulations, or attach conditions to site plan approval that are outside the regulations. TLC Development Inc. v. Planning ZoningCommission, 215 Conn. 527, 530 fn. 2 (1990).
 "There is no question that criteria contained in a zoning commission's regulations must be as reasonably precise as the subject matter requires and as reasonably adequate and sufficient to guide the commission and to enable those CT Page 10017 affected to know their rights and obligations. Although "[i]t is unrealistic to demand detailed standards which are impracticable or impossible" . . . "[a] `statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law' . . . And this is no less true of a municipal ordinance or regulation." We have explicitly said: "Every owner of property located in a town which has adopted zoning is entitled to be able to ascertain, with reasonable certainty, what uses he may legally make of any portion of his property." This requirement of standards is a fundamental aspect of constitutional law. (Citations omitted.)"
 Helbig v. Zoning Commission, 185 Conn. 294,307-8 (1981).
The regulations at issue here provide no ability for the property owner, or party in interest, to ascertain with any reasonable certainty that its contemplated use of the property was, as a condition of site plan approval, subject to a condition limiting its hours of operation.
The Commission acted illegally, arbitrarily and in abuse of its discretion in limiting the hours of operation of the plaintiff's business as a condition for site plan.
B. Re Condition Imposing Deadline for Obtaining Zoning Permit,
and Re Condition All Work Must Be Completed by March 5, 1998
The second condition challenged in this appeal provides, "[t]he applicant must obtain a zoning permit by September 5, 1996 or the approval will be null and void."
The Commission argues that Regulation 842.4 embodies the authority to put a time period for the obtaining of a zoning permit by Kenyon. The regulation states: "The approval of any site plan for which construction has not commenced or which is not otherwise put into effect within the time period set by the Commission shall be considered invalid. . . ." While this language could be clearer, it provides some reasonable guideline for an applicant to be aware that the Commission can impose time limits for institution of the site plan. CT Page 10018
However, there is no discussion or reasoning in the record found to support the imposition of the particular time period utilized, however. While the court can search the record for a reason to support the decision of a Commission, it must be found somewhere in that record. Goldberg v. Zoning Commission,173 Conn. 23, 26 (1977). The court finds no justification in the record for this condition. West Hartford Interfaith Coalition,Inc. v. Town Council, 228 Conn. 498, 514-515 (1994).
The Commission, at pages 14-15 of its brief, attempts to introduce evidence not in the record and the court, therefore, disregards it to the extent it is not contained in the record. Therefore, the court finds the Commission acted illegally, arbitrarily, capriciously and in abuse of its discretion in imposing this condition. It is not sustainable based upon the record before the court.
The third challenged provision provides that "[a]ll work must be completed by March 5, 1998, or the approval will be null and void."
Similar to the other two issues, Kenyon claims that this condition has no basis in the law, the regulations or the record.Connecticut General Statutes § 8-3 (i) provides:
 "In the case of any site plan approved on or after October 1, 1984 . . . all work in connection with such site plan shall be completed within five years after the approval of the plan. The certificate of approval of such site plan shall state the date on which such five-year period expires. Failure to complete all work within such five-year period shall result in automatic expiration of the approval of such plan, except in the case of any site plan approved on or after October 1, 1989. The zoning commission may grant one or more extensions . . ."
The time period for completion of work provided, essentially, three years not five years.
Commission Regulation § 324 further provides protection to applicants whose work is started within six months of effective date of approval and "diligently pursued to completion within two years following such date."
The record discloses no basis for limiting Kenyon to three CT Page 10019 years. The Commission again proffers testimonial evidence in its brief in regard to this issue, which this court disregards. The court finds no basis in the record from this three-year time limit, and, further, finds no justification in the record for it. Therefore, the court need not reach the question as to whetherConnecticut General Statutes § 8-3 (1) allows a commission to restrict the time period for completion to less than five years. The Commission acted, illegally, arbitrarily and in abuse of its discretion in the imposition of this condition.
For the foregoing reasons the court finds these three conditions improperly attached to the approval. The appeal is sustained and these conditions are declared null and void.
Lynda B. Munro, Judge