[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
This case presents the unusual but disturbing scenario of a party (the Plaintiff) who successfully appealed the denial of its application for its wetlands permit, but has been denied the fruits of its success. Summary Judgment enters for the Plaintiff and the Defendant Rocky Hill Open Space and Conservation Commission (Commission) is ordered to act on Plaintiff's application.
The Plaintiff, on February 20, 1990, filed an application for a wetland permit with the Commission for the development of a shopping center on property Plaintiff owned in Rocky Hill, Connecticut. On April 23, 1990, the intervening defendant's Apple Grove Condominium Association and Lexington Estates Condominium Association intervened and became parties to the proceedings before the Commission.
The Commission held hearings on Plaintiff's application CT Page 8633 on April 25, 1990 and May 9, 1990. The evidence included extensive testimony including expert testimony from a soil scientist, a civil engineer and environmental specialist. The Plaintiff's application included a proposal to compensate for the loss of any wetlands by replication in other areas. The application was denied by the commission on July 11, 1990.
The Commission's decision was subject to a timely administrative appeal to the Superior Court. The Honorable Robert P. Burns heard the case and, in a decision dated September 2, 1992, found the facts relied on by the Commission insufficient and remanded the case for supplemental findings of fact. Supplemental findings were submitted by the Commission on December 28, 1992. A hearing on such supplemental facts was held by the court (Burns, J.). The court issued a Memorandum of Decision sustaining Plaintiff's appeal of the denial of its application. The Commission's Motion to Open Judgment for Clarification was filed on April 5, 1995 and denied on July 11, 1995. Defendants have not appealed from the judgment in Plaintiff's favor.
Plaintiff has requested the Commission to take action on its application, but the Commission has declined to do so.
In opposition the Defendant condominium associations assert that the statute governing wetland permits has been substantially changed in the interim (Public Act 96-157, effective January 1, 1997) and that there has been a turnover in six of the seven members of the Commission. Legally the associations argue that the issuance of a permit without a new hearing would violate due process and State statutes. Finally, they claim the Plaintiff has an adequate remedy at law in the opportunity to request a new hearing on its application.
The Plaintiff was not obligated to file a new formal petition after its appeal had been sustained. "Once the appeal was sustained, it was, of course, the duty of the defendant board to proceed according to law whether or not the court specifically directed that it do so." Boque v.Zoning Board of Appeals, 165 Conn. 749, 756 (1974). "Having submitted its initial application and having properly CT Page 8634 requested a hearing on that application following the court's sustaining of its appeal, the plaintiff, as a matter of law, was entitled to a hearing. At that point, the commission had no discretion and was obligated to schedule a hearing." Timberland Development Corp. v. Planning andZoning Commission of East Haven, 43 Conn. App. 606, 613
(1996).
The obligation of the Commission to schedule a hearing as a matter of law establishes Plaintiff's entitlement to mandamus relief. Schuchman v. Milford, 44 Conn. App. 351,358 (1997).
In addressing the Defendant's concerns about the procedure to follow, the court notes that the delay has been in large part occasioned by the Commission's refusal to meet its legal obligation to hold a hearing after the Plaintiff's appeal was sustained.
The Commission members must rely on the existing record in deciding the application. The court adopts the procedure ordered by the Supreme Court in Halpern v. Board ofEducation, 231 Conn. 308 (1994). In Halpern the Supreme Court was for the second time remanding the case (see Lee v.Board of Education, 181 Conn. 69 (1980)) over twenty years after the initial hearings. The board of education (all new members not surprisingly) had to review the record of the 1974 hearings and decide the issue, making appropriate findings. In Halpern the Court directed that the procedure of § 4-179 of the Uniform Administrative Procedure Act be followed. "That section requires, in somewhat comparable circumstances, the preparation of a `proposed final decision,' and affords to interested parties the opportunity to comment on that proposal by filing exceptions and presenting briefs and oral argument to the officials who are to render the decision." Halpern v. Board of Education,
supra, 231 Conn. at 314. The `proposed final decision' procedure is a constitutionally adequate safeguard of the due process rights of the parties. Pet v. Dept. of healthServices, 228 Conn. 651, 672 (1994), Halpern v. Board ofEducation, supra, 231 at 314.
The Plaintiff's Motion for Summary Judgment is granted. The Commission is ordered to follow the procedure specified in § 4-179; and prepare a proposed final decision based on CT Page 8635 the existing record. The Plaintiff and other interested parties shall be afforded an opportunity for appropriate responses, including the rights to file exceptions and to present briefs and oral argument to the Commission. After due consideration of such responses, the Commission shall then adopt a final decision with appropriate findings concerning Plaintiff's 1990 application for a wetlands permit.
In view of the seven year delay in processing Plaintiff's application; these procedures must be expeditiously implemented. In no event should these proceedings exceed the statutory time parameters for acting upon an initial application.
Robert F. McWeeney, J.