[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#118)
 FACTS
Before the court is a mandamus action. The plaintiffs, Joseph and Noreen Biarelli and Anne Wentovich, seek to compel the defendant, the Easton Planning Zoning Commission,[1] to enforce zoning regulations.
The complaint[2] alleges that Maple Grove Memorial Park, Inc. (Maple Grove) has committed several zoning violations including inadequately monitoring the water table, failing to properly construct curtain drains and underdrains, placing burials within three hundred fifty feet from dwellings, violation of the grading plan, improper delivery of fill, failure to build roadways according to the grading plan, failure to build catch basins and a drainage system according to the grading plan, failure to comply with the fifty foot setback requirement, failure to comply with the landscaping plan, and several violations of the stipulations for the cemetery's special exception. The complaint alleges that the defendant ordered Maple Grove to correct its zoning violations but failed to take further action.
On January 19, 2001, the defendant filed a motion for summary judgment. In its memorandum, the defendant argued that the mandamus action must fail because the complained of actions involved the defendant's discretion, the plaintiffs have other adequate remedies at law and the plaintiffs failed to join the zoning enforcement officer (ZEO). On April 27, 2001, the court, Skolnick, J., denied the motion for summary judgment because it lacked an affidavit as required by Practice Book § 17-45. On May 30, 2001, the defendant filed a motion for reconsideration and attached an affidavit from William Kupinse, Jr., the first selectman of Easton. The court, Skolnik, J., granted the motion for reconsideration on August 8, 2001. CT Page 12222
Rather than re-argue the motion for summary judgment before Judge Skolnick, however, the defendant filed another motion for summary judgment on April 4, 2002. The second motion for summary judgment, before this court, is premised upon the same grounds as the original motion for summary judgment. The court shall treat the motion to reargue as abandoned by the parties, however, and consider the arguments raised by the defendant in the current motion for summary judgment.
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Cunha v. Colon,260 Conn. 15, 18 n. 6, 792 A.2d 832 (2002). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "[T]he movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's Medical Center, 252 Conn. 363, 372
n. 7, 746 A2.d 753 (2000).
 I
The defendant raises three legal arguments. The first argument is that the plaintiffs' mandamus action intrudes upon the defendant's discretionary functions and, therefore, must fail.
"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. . . . It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. . . . That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." CT Page 12223 (Internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 391, 752 A.2d 503 (2000). The defendant's argument implicates the first and second factors concerning whether a writ of mandamus will issue.
The court finds, however, that the defendant has failed to satisfy its burden of showing that there are no genuine issue of material facts. In their complaint, the plaintiffs name the specific zoning violations, but, in many instances, fail to direct the court to the specific zoning regulations that the defendant has allegedly violated. Such an omission does not make the complaint defective; see, e.g., Spears v. Garcia,66 Conn. App. 669, 675-76, 785 A.2d 1181, cert. denied, 259 Conn. 903,789 A.2d 991 (2001) ("Although Practice Book § 10-3(a) provides that when any claim in a complaint is grounded on a statute, the statute shall be specifically identified by its number, this rule has been construed as directory rather than mandatory."); but it is the movant who initially carries the burden on a motion for summary judgment. "[T]he movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Emphasis added.) Witt v. St. Vincent's Medical Center, supra, 252 Conn. 372 n. 7. Whether the governmental actor, the defendant in the present case, has discretion is determined by an examination of the statutes, regulations and rules governing that actor. See Golab v.New Britain, 205 Conn. 17, 24, 529 A.2d 1297 (1987); Miles v. Foley,54 Conn. App. 645, 652, 736 A.2d 180 (1999), aff'd, 253 Conn. 381,752 A.2d 503 (2000); Schuchmann v. Milford, 44 Conn. App. 351, 358,689 A.2d 513, cert. denied, 240 Conn. 924, 692 A.2d 818 (1997). The court cannot, at this time, determine what right, if any, the statutes, regulations or grading plan afford the plaintiffs because the defendant has failed to submit regulations or the grading plan to the court.
The plaintiffs' complaint does mention the specific regulations and a statute for some of the alleged violations. It does not, however, list them all. The defendant has attacked the whole complaint, as it must, without showing that it has a right to judgment as a matter of law. Accordingly, the court will not grant summary judgment based upon this argument.
 II
The defendant's second argument is that the plaintiffs possess another adequate remedy. As stated in Part I above, the plaintiffs cannot have another adequate remedy if a writ of mandamus is to issue. Miles v.Foley, supra, 253 Conn. 391. The defendant argues that the plaintiffs have another remedy because the plaintiffs can seek an injunction against CT Page 12224 the parties violating the zoning regulations.
The court finds this argument unpersuasive. In Connecticut "[a] n adequate remedy is one that enforces in some way the performance of theparticular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance." (Emphasis added; internal quotation marks omitted.) Department of Utilities v.Carothers, 28 Conn. App. 674, 678-79, 613 A.2d 316 (1992). The defendant's argument would allow it to escape the enforcement of its duty, thus contravening the principle laid out in Carothers. Such a result is not permissible. See Paes v. East Haven, Superior Court, judicial district of New Haven, Docket No. 266080 (October 4, 1990,O'Keefe, J.). Accordingly, the court will not grant summary judgment on this ground.
 III
The defendant's final argument is that the ZEO is an indispensable and necessary party and that the plaintiffs should have cited him into the case. This argument is inappropriate for summary judgment.
Practice Book § 11-3 provides in relevant part that "the exclusive remedy for nonjoinder of parties is by motion to strike." "Unless a defendant promptly raises the question of nonjoinder pursuant to applicable rules of practice, any such objection is deemed to have been waived, and cannot be raised at a later stage of the proceedings." Gaudiov. Gaudio, 23 Conn. App. 287, 305, 580 A.2d 1212, cert. denied,217 Conn. 803, 584 A.2d 471 (1990)
Moreover, it is not likely that the defendant is correct in its assertion that the ZEO is an indispensable or necessary party. "[T]he ZEO, in his official capacity, can have no interest in the outcome of this case. His only obligation, as a public official, is to do what the law requires. Lower public officials are often required to conform their official actions to judicial decisions, but they are not considered to be necessary or indispensable parties to actions that affect them in only that capacity. Summitwood Associates Phase IV v. Planning Commission, Superior Court, judicial district of New Haven, Docket No. 391584 (August 7, 1998, Blue, J.) (22 Conn.L.Rptr. 660, 664). The court finds this reasoning persuasive. Article 9, § 9.3.3 of the Easton zoning regulations provides that the ZEO "shall be responsible to theCommission and act as its representative in the performance of such inspection duties with the enforcement of these Regulations. . . ." (Emphasis added.) While, if the plaintiffs prevail, the ZEO may have to take action, he will only do so as a representative of the defendant CT Page 12225 and, as such, has no interest in the present case. Accordingly, the defendant's argument fails as to its form and its substance.
 CONCLUSION
For the stated reasons, the court denies the defendant's motion for summary judgment.
 _______________, J. Gallagher