PAR DEVELOPERS, LIMITED *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF KILLINGWORTH (12935)

O'CONNELL, FOTI and SPEAR, Js.

Argued January 5—decision released March 28, 1995

*Brian G. Enright,* for the appellant (plaintiff).

*William Howard,* with whom was *Eric Kaplan,* for the appellee (defendant).

O'CONNELL, J. This is a mandamus action in which the plaintiff appeals from a judgment rendered in favor of the defendant. The plaintiff claims that the trial court improperly (1) determined that the plaintiff failed to establish a clear right to the relief requested, (2) determined that the plaintiff failed to submit a copy of the subdivision application to the inland wetlands and watercourses commission (wetlands commission), and (3) found that the defendant was not otherwise required by operation of law to issue a subdivision permit to the plaintiff.[1] We affirm the judgment of the trial court.

The scenario leading to this appeal commenced with the plaintiff's application for approval of its four lot subdivision on Bar Gate Trail in Killingworth. The appli-

---

[1] This appeal is limited to whether the trial court properly denied the writ of mandamus when the defendant had not acted on the plaintiff's application by April 1, 1992. Testimony and exhibits relating to the defendant's eventual denial of the plaintiff's application on November 17, 1992, are not relevant to this issue.

cation was officially received at the defendant's November 19, 1991 meeting. See General Statutes § 8-26d (c).[2]

When no public hearing is held, as in this case, a planning and zoning commission must make its decision within sixty-five days of the receipt of the application. The applicant may consent to an extension not to exceed an additional sixty-five days. General Statutes § 8-26d (b).[3] In the present case, the plaintiff consented to a sixty-five day extension so that April 1, 1992, became the deadline. The defendant neither granted nor denied the application by April 1, 1992, but eventually denied it on November 17, 1992.

The plaintiff seeks this mandamus on the ground that its application should be deemed automatically approved pursuant to § 8-26d (b) because the defendant did not act on it by April 1, 1992.

If the land in a proposed subdivision is located in a wetlands or watercourse area, § 4.7 of the Killingworth subdivision regulations mandates the simultaneous filing of a copy of the subdivision application with the wetlands commission.[4] The regulation states that *"if such*

---

[2] General Statutes § 8-26d (c) provides in relevant part: "[T]he receipt of an application . . . shall be the day of the next regularly scheduled meeting of such commission or board, immediately following the day of submission to such board or commission or its agent of such application . . . or thirty-five days after such submission, whichever is sooner. . . ."

[3] General Statutes § 8-26d (b) provides: "A decision on an application for subdivision approval, on which no hearing is held, shall be rendered within sixty-five days after receipt of such application. The applicant may consent to one or more extensions of such period, provided the total period of any such extension or extensions shall not exceed sixty-five days."

[4] Section 4.7 of the Killingworth subdivision regulations provides: "One copy of the application form, and of each item of supporting information required hereunder, for approval of a plan of subdivision within the Plan Area of which there exists any wetlands or watercourses shall be filed by the applicant with the Inland Wetlands and Watercourses Commission not later than the day the Planning and Zoning application is filed. If such application shall not be filed with the Inland Wetlands and Watercourses Com-

*application shall not be filed with the [wetlands commission] as prescribed herein, the application shall be considered incomplete and the commission shall not proceed with further proceedings thereon until such copy of the application is received by the [wetlands commission].*" (Emphasis added.)

The plaintiff did not file a copy of the subdivision application with the wetlands commission. Instead, it filed a form entitled "Application to Conduct a Regulated Activity in Wetlands or Watercourses." Despite the form's title, the plaintiff indicated thereon that it was not seeking permission to conduct a regulated activity. Consequently, the wetlands commission returned the form and application fee.

The trial court found that in the context of § 4.7 the plaintiff's claimed application to the wetlands commission was a nullity and thus the plaintiff had not complied with § 4.7. Accordingly, the trial court concluded that the plaintiff had not established a clear right to have the application granted and denied the mandamus.

The plaintiff's first two claims are subsumed under the common issue of whether the plaintiff had submitted the required copy of the application to the wetlands commission so as to trigger the statutory time limits for automatic subdivision approval.[5]

---

mission as prescribed herein, the application shall be considered incomplete and the Commission shall not proceed with further proceedings thereon until such copy of the application is received by the Inland Wetlands and Watercourses Commission."

[5] Although the trial court based its decision on the local regulation, General Statutes § 8-26 also mandates that an application be filed with the wetlands commission and forbids a planning commission from rendering a decision until the wetlands commission has submitted a report with its final decision to the planning and zoning commission. General Statutes § 8-26 provides in relevant part: "If an application involves land regulated as an inland wetland or watercourse under the provisions of chapter 440, the applicant shall submit an application to the agency responsible for administration of the inland wetlands regulations no later than the day the application

A writ of mandamus is available only if (1) the party applying for the writ has a clear legal right to have the duty performed, (2) the defendant has no discretion with respect to performance of that duty, and (3) the plaintiff has no adequate remedy at law. *Golab* v. *New Britain*, 205 Conn. 17, 20, 529 A.2d 1297 (1987). The time limits established in General Statutes § 8-26 are mandatory. *Finn* v. *Planning & Zoning Commission*, 156 Conn. 540, 544, 244 A.2d 391 (1968).

The plaintiff maintains that because its application was deemed received at the defendant's November 19, 1991 meeting and the defendant did not approve or deny the application by April 1, 1992, we can look at nothing but the calendar to determine whether a mandamus should issue. We do not agree.

The plaintiff relies on a line of cases that hold that where statutory language is mandatory, the first two requirements for a mandamus are met. *Vartuli* v. *Sotire*, 192 Conn. 353, 360, 472 A.2d 336 (1984). Those cases, however, are inapposite to the present case. *Vartuli* was based on General Statutes § 8-7d (b), the relevant portion of which provided that " '[w]henever the approval of a [coastal] site plan is the *only* requirement . . . remaining to be met . . . a decision on an application for approval of such site plan shall be rendered within sixty-five days after receipt . . . .' " (Emphasis added.) Id., 358. No other approvals were required in *Vartuli* or the cases on which *Vartuli* relies. In the present case, by contrast, the submission of a copy of the plan to the wetlands commission remained to be accomplished. Thus, it was the duty of the trial court

---

is filed for the subdivision or resubdivision. The commission shall not render a decision until the inland wetlands agency has submitted a report with its final decision to such commission. In making its decision the commission shall give due consideration to the report of the inland wetlands agency. . . ."

here to determine if the plaintiff had satisfied the first two mandamus requirements. *Golab* v. *New Britain,* supra, 205 Conn. 20.

The plaintiff contends that the trial court ignored the fundamental administrative law principle that examination and evaluation of evidence is the province of the administrative agency and should be overturned by the trial court only in extreme circumstances. The significance of this argument lies in the plaintiff's contention that the defendant's action in receiving and discussing the application represented factual findings of the defendant that started the clock running and the trial court could not overrule those factual findings. The plaintiff relies on *Protect Hamden/North Haven from Excessive Traffic & Pollution, Inc.* v. *Planning & Zoning Commission,* 220 Conn. 527, 600 A.2d 757 (1991), and *Whisper Wind Development Corp.* v. *Planning & Zoning Commission,* 32 Conn. App. 515, 630 A.2d 108 (1993), aff'd, 229 Conn. 176, 640 A.2d 100 (1994). The fallacy in this argument is that the cases relied on by the plaintiff are administrative appeals in which the trial court reviewed the agency's decision in an appellate capacity, hearing the appeal on the record. This is not an administrative appeal. Rather, as a mandamus action, it is a case brought to the Superior Court under its original jurisdiction. General Statutes § 52-485 (a);[6] *Kiernan* v. *Borst,* 144 Conn. 1, 4–5, 126 A.2d 569 (1956); see *Griffin* v. *Planning & Zoning Commission,* 30 Conn. App. 643, 653, 621 A.2d 1359 (1993). Here, the Superior Court, not the administrative agency, is the finder of fact. "An action for mandamus is a lawsuit like any other lawsuit." *Marciano* v. *Piel,* 22 Conn. App. 627, 628, 579 A.2d 539 (1990).

---

[6] General Statutes § 52-485 (a) provides: "The superior court may issue a writ of mandamus in any case in which a writ of mandamus may by law be granted, and may proceed therein and render judgment according to rules made by the judges of the superior court or, in default thereof, according to the course of the common law."

Although mandamus is a legal remedy, it is governed by equitable principles; *Sullivan* v. *Morgan*, 155 Conn. 630, 635, 236 A.2d 906 (1967); and will not issue to compel a violation of the law. *P. X. Restaurant, Inc.* v. *Windsor*, 189 Conn. 153, 161, 454 A.2d 1258 (1983). Numerous cases have denied writs of mandamus where automatic approval conflicted with other laws. *Cheshire Taxpayers' Action Committee, Inc.* v. *Guilford*, 193 Conn. 1, 6, 474 A.2d 97 (1984) (conflicting with General Statutes § 7-188); *Stolberg* v. *Caldwell*, 175 Conn. 586, 612, 402 A.2d 763 (1978), appeal dismissed sub nom. *Stolberg* v. *Davidson*, 454 U.S. 958, 102 S. Ct. 496, 70 L. Ed. 2d 374 (1981) (conflicting with Conn. Const., art. III, § 11); *Coastal Suburban Builders, Inc.* v. *Planning & Zoning Commission*, 2 Conn. App. 489, 493, 479 A.2d 1239 (1984) (conflicting with zoning regulations).

Section 4.7 of the Killingworth subdivision regulations prohibited the defendant from processing the application until a copy thereof had been filed with the wetlands commission.[7] Where the effect of automatic approval would result in a questionable certificate of approval because another law is violated, the plaintiff's right to have the duty performed is far from clear. *Shapero* v. *Zoning Board*, 192 Conn. 367, 371, 472 A.2d 345 (1984); *Camm* v. *Hart*, 6 Conn. App. 284, 289, 504 A.2d 1388 (1986).

---

[7] Furthermore, General Statutes § 8-26d (d) exempts the defendant from making a decision until thirty-five days after receipt of the wetlands commission decision, and no such decision from the wetlands commission was received by April 1, 1992.

General Statutes § 8-26d (d) provides: "Notwithstanding the provisions of this section, if an application involves an activity regulated pursuant to sections 22a-36 to 22a-45, inclusive, and the time for a decision by a planning commission established pursuant to this section would elapse prior to the thirty-fifth day after a decision by the inlands wetlands, the time period for a decision shall be extended to thirty-five days after the decision of such agency. The provisions of this subsection shall not be construed to apply to any extension consented to by an applicant."

In its third claim, the plaintiff argues that, even if its wetlands commission application was defective, or even if it had not submitted application to the wetlands commission, the trial court should have held that its application was automatically approved as of April 1, 1992. We are not persuaded that the trial court should have overlooked § 4.7 and found that the plaintiff had a clear right to have the certificate of approval issued.

The trial court properly denied the plaintiff's application for a writ of mandamus.

The judgment is affirmed.

In this opinion the other judges concurred.