JESSE MILES, TRUSTEE *v.* DANIEL A. FOLEY ET AL.
(AC 17418)

O'Connell, C. J., and Lavery and Hennessy, Js.

Argued September 18, 1998—officially released August 31, 1999

*Robert A. Fuller,* for the appellant (plaintiff).

*Michael J. Cacace,* with whom were *Ronald E. Kowalski II* and *Aamina Ahmad,* for the appellees (intervening defendants).

*Opinion*

HENNESSY, J. This appeal arises out of a decision by the defendant planning and zoning commission of the town of New Canaan (commission)[1] to reject a subdivision application submitted by the plaintiff, Jesse Miles, trustee. The plaintiff brought a mandamus action seeking a trial court order directing the commission to approve the subdivision map or, if the trial court found that the plaintiff was not entitled to such relief, an order directing the commission to process the application. The plaintiff and the defendants moved for summary

---

[1] In addition to the commission, the other municipal defendants in this matter are James H. Bennett, former chairperson of the commission, and Daniel A. Foley, town planner. The intervening defendants in this matter are Phillip L. Knapp, James Rae, Jane Delano and Warren Delano, owners of the properties adjacent to and across the street from that of the plaintiff. Any reference to the defendants in this matter includes all defendants.

judgment.[2] The plaintiff appeals from the trial court's order denying the plaintiff's motion for summary judgment and granting the defendants' motions for summary judgment.

The plaintiff claims that the trial court's order denying his motion for summary judgment[3] and granting the defendants' motions for summary judgment was improper because the trial court improperly concluded that (1) the commission's vote to reject the plaintiff's application without processing it was a valid action under General Statutes § 8-26 and (2) an administrative appeal from the commission's refusal to process the application was an adequate remedy at law, thereby precluding an action of mandamus. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. On May 20, 1996, the plaintiff's agent delivered a subdivision application to the commission in accordance with § 8-26. The following day, at the regular commission meeting, the commission discussed the plaintiff's proposed subdivision application and unanimously voted to reject the application because it was premature.[4] On

[2] The municipal defendants and the intervening defendants moved separately for summary judgment. Because the arguments in both motions for summary judgment are the same and the decision of the trial court was applicable to both motions for summary judgment, we will not discuss the motions separately.

[3] "The denial of a motion for summary judgment is not ordinarily appealable because it is not a final judgment. . . . Where the case has not gone to trial, however, summary judgments are appealable because the rationale that a decision based on more evidence should preclude a decision based on less evidence is not applicable in that situation. . . . A plaintiff may appeal from the denial of its motion for summary judgment where the trial court had granted summary judgment for the defendant and the case had not gone to trial." (Citations omitted; internal quotation marks omitted.) *Prishwalko* v. *Bob Thomas Ford, Inc.*, 33 Conn. App. 575, 589, 636 A.2d 1383 (1994).

[4] The commission noted that the subdivision property "had recently been the subject of a hearing before the environmental commission, and that their decision had been appealed to the Superior Court." Thereafter, the commission "unanimously voted to reject the application since it is prema-

August 8, 1996, the plaintiff's attorney sent a letter to the commission demanding that it issue a certificate of approval pursuant to § 8-26 because more than sixty-five days passed. When the commission refused this demand, the plaintiff brought a mandamus action.

Subsequently, the plaintiff moved for summary judgment, claiming that "there is no genuine issue of material fact and that the plaintiff is entitled to a judgment of mandamus as a matter of law." The defendants also moved for summary judgments, claiming that a writ of mandamus cannot be granted where the party does not have a clear right to have the duty performed.

On July 7, 1997, the trial court issued an order denying the plaintiff's motion for summary judgment and granting the defendants' motions for summary judgment. The reason that the trial court denied the plaintiff's motion for summary judgment was that it found that the vote of the commission rejecting the plaintiff's subdivision application was action within the meaning of § 8-26, as interpreted by the Supreme Court in *Winchester Woods Associates* v. *Planning & Zoning Commission*, 219 Conn. 303, 311–12, 592 A.2d 953 (1991). Therefore, the trial court reasoned that the rejection precluded the automatic approval of the subdivision application. The trial court granted the defendants' motions for summary judgment because the plaintiff failed to demonstrate that the commission did not act within sixty-five days, as required for automatic approval pursuant to § 8-26 and, therefore, the trial court reasoned that the mandamus action did not lie.

When issues in an appeal concern questions of law, this court reviews those claims de novo. See *Aetna*

ture, and if a zoning permit were requested upon approval of such a subdivision, it would be denied under § 60-3.12.A.(2)" of the New Canaan zoning regulations.

*Life & Casualty Co.* v. *Bulaong,* 218 Conn. 51, 58, 588 A.2d 138 (1991); *Norse Systems, Inc.* v. *Tingley Systems, Inc.,* 49 Conn. App. 582, 592, 715 A.2d 807 (1998); *Schratwieser* v. *Hartford Casualty Ins. Co.,* 44 Conn. App. 754, 757, 692 A.2d 1283, cert. denied, 241 Conn. 915, 696 A.2d 340 (1997). "Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 384 [now § 17-49] provides that summary judgment 'shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Zichichi* v. *Middlesex Memorial Hospital,* 204 Conn. 399, 402, 528 A.2d 805 (1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . A motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Citations omitted; internal quotation marks omitted.) *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut,* 50 Conn. App. 688, 692–93, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998).

I

The plaintiff first claims that the vote by the commission to reject the plaintiff's subdivision application without processing it was not a valid action under the provisions of § 8-26[5] and, because the commission did

[5] General Statutes § 8-26 provides in relevant part: "The commission shall approve, modify and approve, or disapprove any subdivision or resubdivision application . . . within the period of time permitted under section 8-26d. . . . The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand. . . ."

not act within sixty-five days after the receipt of the application, as required by General Statutes § 8-26d (b),[6] the plaintiff was entitled to a certificate of approval. Specifically, the plaintiff, citing *Carpenter* v. *Planning & Zoning Commission*, 176 Conn. 581, 592, 409 A.2d 1029 (1979), argues that the commission's vote to reject the plaintiff's subdivision application without processing it is not a valid action because action under § 8-26 is limited to either the approval, modification and approval, or disapproval of an application, and does not include rejection of an application.

In response, the defendants claim that the commission acted on the subdivision application, as required by § 8-26, when the commission discussed the application at a regular meeting and voted to reject the application. The question, therefore, is whether the action taken by the commission was the action required by § 8-26 so as to prevent the automatic approval of the subdivision application filed by the plaintiff.

The automatic approval provision of § 8-26 provides that "[t]he failure of the commission to act [upon a subdivision application] shall be considered as an approval . . . ." Our Supreme Court has construed this provision to require a planning commission to "approve, modify and approve, or disapprove" such an application within the time allowed in order to avoid the sanction of automatic approval. *Carpenter* v. *Planning & Zoning Commission*, supra, 176 Conn. 593. *Carpenter*, however, is not dispositive of the issue in this case. In *Carpenter* v. *Planning & Zoning Commission*, supra, 597, our Supreme Court held "that an 'approval' subject to a condition, the fulfillment of which is not within the control of the applicant, or in which an approval

---

[6] General Statutes § 8-26d (b) provides in relevant part: "A decision on an application for subdivision approval, on which no hearing is held, shall be rendered within sixty-five days after receipt of such application. . . ."

by a coordinate agency is not shown to be a reasonable probability, is not an 'approval' within § 8-26 . . . and such an approval is thus a 'failure to act' . . . ."

In this case, however, we are not faced with determining whether a conditional approval is an "approval" under § 8-26; we are faced with determining whether a rejection of the application is a "disapproval" under § 8-26. The minutes of the May 21, 1996 commission meeting state that the application was unanimously rejected since it was premature and the town planner was instructed to return the file to the applicant. It is clear, as the trial court found and the record shows, that the commission voted to deny the application. We conclude that the commission's rejection here is equivalent to a "disapproval" of the application and is the action that avoids the automatic approval provision of § 8-26. See *Winchester Woods Associates* v. *Planning & Zoning Commission,* supra, 219 Conn. 313–14 (vote not to accept resubdivision application constituted action under § 8-26).

The plaintiff further argues that the commission's reasons for the rejection of the subdivision application "were not valid or justified by any statute, and violated the express provisions and legislative intent of § 8-26." We fail to see how this would result in the automatic approval of the subdivision application.

The commission's rejection of the subdivision application was based on the determination by the commission that the subdivision application was premature because the approval of the application by the environmental commission was the subject of a pending appeal. Additionally, the commission determined that the subdivision application, as presented, violated provisions of the town zoning regulations.

Any challenge to the merits of or the reasons underlying the commission's denial is the subject of an administrative appeal. The plaintiff, however, did not take an

administrative appeal. Instead, the plaintiff brought a mandamus action seeking a trial court order directing the commission to approve the subdivision map because the plaintiff incorrectly believed that the commission's rejection of the subdivision application triggered the automatic approval provision of § 8-26. On appeal, therefore, we are limited to the determination of whether the plaintiff was entitled to the automatic approval of the subdivision application and, thereafter, the issuance of a writ of mandamus.

Because we concluded that the commission's rejection of the subdivision application is action under § 8-26, the plaintiff is not automatically entitled to a certificate of approval. We do not find that an improper decision by the commission would result in a finding of inaction that would trigger the automatic approval of the subdivision application under § 8-26.

The plaintiff further claims that the failure of the commission to publish in a timely manner its decision to deny the subdivision application, as required by § 8-26, renders the commission's action void. We agree that the failure to publish a decision renders the decision void. "It does not follow, however, that the commission's failure to publish is the legal equivalent of approval by non-action within the meaning of § 8-26, requiring the issuance of a certificate of approval on demand. Section 8-26 provides that 'notice of the decision' shall be published, which notice shall include the date of *such action*, and that 'failure of the commission to act' on the application shall be considered as an approval. Thus, it is the failure of the commission to render a decision within sixty-five days of the . . . hearing, rather than an absence of publication, which triggers 'the non-action approval provisions' of the statute." (Emphasis in original.) *Farr* v. *Eisen*, 171 Conn. 512, 515–16, 370 A.2d 1024 (1976).

While the failure to publish the decision renders the action void, it does not constitute inaction. Because we concluded that the commission's rejection of the subdivision application was action, the plaintiff does not have a legal right to the issuance of a certificate of approval.

II

The plaintiff next claims that the trial court improperly ruled that an administrative appeal from the decision of the commission to deny the application was an adequate remedy at law, thereby precluding mandamus.

"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. *Beccia* v. *Waterbury*, 185 Conn. 445, 453, 441 A.2d 131 (1981). It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. *Chesebro* v. *Babcock*, 59 Conn. 213, 217, 22 A. 145 [1890]; High, Extraordinary Legal Remedies (3d Ed.), pp. 10, 13. That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. *State ex rel. Donahue* v. *Holbrook*, 136 Conn. 691, 693, 73 A.2d 924 (1950); *Pape* v. *McKinney*, 170 Conn. 588, 595, 368 A.2d 28 (1976). The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." (Internal quotation marks omitted.) *Golab* v. *New Britain*, 205 Conn. 17, 19–20, 529 A.2d 1297 (1987).

Because we have concluded that the commission, in rejecting the plaintiff's subdivision application, acted

within the meaning of the statute, there was no approval of the plaintiff's subdivision application by the application of law. Because there was no automatic approval, the plaintiff failed to show a "clear legal right" to the issuance of a certificate of approval. Because the plaintiff failed to meet an element required for the granting of a writ of mandamus, the plaintiff's argument fails. Under these circumstances, the appropriate remedy is through an administrative appeal.[7]

On the basis of the foregoing analysis, we conclude that the plaintiff was not entitled to judgment as a matter of law, and, therefore, the trial court properly denied the plaintiff's motion for summary judgment. We also conclude that the trial court properly granted

[7] The plaintiff argues that a mandamus action is the proper legal remedy when there is a claim of inferred approval of a subdivision under § 8-26. We agree that a mandamus action is an appropriate remedy where it is claimed that a subdivision plan has been automatically approved pursuant to § 8-26 because of the failure of a commission to act within sixty-five days after the receipt of the application, and, therefore, as a jurisdictional matter, the trial court cannot reject a mandamus action only because there is a statutory appeal available. See *Merlo* v. *Planning & Zoning Commission*, 196 Conn. 676, 680–81, 495 A.2d 268 (1985); see also *Vartuli* v. *Sotire*, 192 Conn. 353, 365–66, 472 A.2d 336 (1984) (holding where first two requirements for issuance of mandamus are concededly met, zoning appeal, which could do no more than secure approval of coastal site plan, which already had been approved by operation of law, was not adequate remedy at law); *Harlow* v. *Planning & Zoning Commission*, 194 Conn. 187, 196, 479 A.2d 808 (1984) (holding where plaintiffs established first two requirements for issuance of mandamus order, fact that defendant had remedy through administrative appeal did not prevent trial court from fashioning equitable remedy).

The plaintiff, however, misconstrues the trial court's ruling. The trial court concluded that the commission's "vote on May 21, 1996, not to accept the plaintiff's subdivision application was action within the meaning of § 8-26 and precludes automatic approval of [the] plaintiff's application . . . . Because there was that action, the court feels that the mandamus action does not lie and that there was an adequate remedy of law *because of that action* for an [administrative] appeal . . . ." (Emphasis added.) The trial court held, as we have, that because there was action, the plaintiff did not establish the second prong necessary for the issuance of a writ of mandamus. In the absence of the second prong, the plaintiff was not entitled to the issuance of a writ of mandamus.

the defendants' motions for summary judgment because the plaintiff failed to meet all of the elements required for the granting of a writ of mandamus.

The judgment is affirmed.

In this opinion O'CONNELL, C. J., concurred.

LAVERY, J., dissenting. I respectfully disagree with the majority's conclusion that the defendant commission's refusal to process and reach the merits of the plaintiff's subdivision application constituted an action of "disapproval" within the meaning of General Statutes § 8-26.

On May 20, 1996, the plaintiff's agent delivered a subdivision application to the commission. The minutes of the commission's May 21, 1996 meeting state: "The Chairman noted that *an attempt had been made to file an application with the Commission* for subdivision of the Miles property off Garibaldi Lane, which land had recently been the subject of a hearing before the Environmental Commission, and that their decision had been appealed to the Superior Court. On motion of [Robert] McKay, seconded by [Albert] Kolff, it was unanimously voted to reject the application since it is premature, and if a zoning permit were requested upon approval of such a subdivision, it would be denied under § 60-3.12.A.(2). The Commission does not wish to be placed in the situation reflected in *Arway* v. *Bloom,* [29 Conn. App. 469, 615 A.2d 1075 (1992), appeal dismissed, 227 Conn. 799, 633 A.2d 281 (1993)]. *The Town Planner was instructed to return the file to the applicant.*" (Emphasis added.) The minutes of this meeting disclose that the commission refused to process and reach the merits of the plaintiff's application.

Section 8-26 explicitly provides that, when the commission receives a subdivision application, it must take one of three specific actions within the statutory time

period. "The commission shall *approve, modify and approve, or disapprove* any subdivision or resubdivision application or maps and plans submitted therewith, including existing subdivisions or resubdivisions made in violation of this section, within the period of time permitted under section 8-26d. . . . The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand. The grounds for its action shall be stated in the records of the commission. . . ." (Emphasis added.) General Statutes § 8-26. Our Supreme Court has stated that "the statute merely provides for the commission to 'approve, modify and approve, or disapprove' a subdivision application." *Carpenter* v. *Planning & Zoning Commission*, 176 Conn. 581, 592, 409 A.2d 1029 (1979). The failure of the commission to take one of the actions set forth in § 8-26 within the statutory time period will result in an automatic approval of the application. *Merlo* v. *Planning & Zoning Commission*, 196 Conn. 676, 682, 495 A.2d 268 (1985).

It is undisputed that the commission neither approved nor modified and approved the application. Relying on *Winchester Woods Associates* v. *Planning & Zoning Commission*, 219 Conn. 303, 592 A.2d 953 (1991), however, the majority contends that the commission's refusal to process and reach the merits of the plaintiff's application constituted an action of "disapproval" within the meaning of § 8-26. I respectfully submit that the majority's reliance on *Winchester Woods Associates* is misplaced because, unlike the commission in *Winchester Woods Associates*, the commission in this case had no legitimate statutory basis to justify its decision to refuse to process the plaintiff's application.

In *Winchester Woods Associates*, the plaintiff filed an application with the commission in February, 1989, and, upon the commission's denial of that application, the

plaintiff appealed to the Superior Court. Id., 304–305. On May 31, 1989, the plaintiff filed a second application, which was received by the commission on June 15, 1989, the day of its next regularly scheduled meeting. Id., 305. Relying on Public Acts 1977, No. 77-545, § 3,[1] which amended § 8-26, the commission concluded that § 8-26 prevented it from reviewing the plaintiff's second application while an appeal concerning the first application was pending in the Superior Court. Id., 308–309. Our Supreme Court held that this statutory provision authorized the commission to refuse to process an application that was the same or substantially the same as another application that the commission had acted on, which was pending appeal to the Superior Court. Id., 311–12.[2]

It is significant to note that, following the decision in *Winchester Woods Associates*, the legislature adopted No. 92-191 of the 1992 Public Acts, which amended § 8-26 and which provides: "For the purposes of this section, an application is not 'pending before the commission' if the commission has rendered a decision with respect to such application and such decision has been appealed to the Superior Court." Public Act 92-191 eliminated the exception that was recognized in

[1] Public Act 77-545, § 3, amended § 8-26 to include the provision that "[n]o planning commission shall be required to consider an application for approval of a subdivision plan while another application for subdivision of the same or substantially the same parcel is pending before the commission. . . ." See *Winchester Woods Associates* v. *Planning & Zoning Commission*, supra, 219 Conn. 309.

[2] Although the Supreme Court in *Winchester Woods Associates* held that § 8-26 authorized the commission to refuse to process an application that was the same or substantially the same as an application that was already pending on appeal to the Superior Court, it stated that the commission's refusal to process the plaintiff's second application constituted an abuse of discretion because the commission never determined whether the second application was the same or substantially the same as the first application. *Winchester Woods Associates* v. *Planning & Zoning Commission*, supra, 219 Conn. 311–12.

*Winchester Woods Assoicates*. The legislature's adoption of Public Act 92-191 manifests an intention to limit the circumstances under which a planning commission can refuse to process and reach the merits of an application.

The decision in *Winchester Woods Associates* is consistent with our decision in *Par Developers, Ltd.* v. *Planning & Zoning Commission*, 37 Conn. App. 348, 655 A.2d 1164 (1995). In *Par Developers, Ltd.*, § 4.7 of a town's subdivision regulations provided that, if land in a proposed subdivision was located in a wetlands or watercourse area, a copy of the application must be filed with the wetlands commission. Id., 350. Section 4.7 further provided that "if such application shall not be filed with the [wetlands commission] as prescribed herein, the application shall be considered incomplete and the commission shall not proceed with further proceedings thereon until such copy of the application is received by the [wetlands commission]." (Internal quotation marks omitted.) Id., 350–51.[3] The plaintiff did not file a copy of the subdivision application with the wetlands commission. Id., 351. The planning and zoning commission failed to act on the subdivision application within the statutory period, and the plaintiff sought a

[3] The court further observed: "Although the trial court based its decision on the local regulation, General Statutes § 8-26 also mandates that an application be filed with the wetlands commission and forbids a planning commission from rendering a decision until the wetlands commission has submitted a report with its final decision to the planning and zoning commission. General Statutes § 8-26 provides in relevant part: 'If an application involves land regulated as an inland wetland or watercourse under the provisions of chapter 440, the applicant shall submit an application to the agency responsible for administration of the inland wetlands regulations no later than the day the application is filed for the subdivision or resubdivision. The commission shall not render a decision until the inland wetlands agency has submitted a report with its final decision to such commission. In making its decision the commission shall give due consideration to the report of the inland wetlands agency. . . .'" *Par Developers, Ltd.* v. *Planning & Zoning Commission*, supra, 37 Conn. App. 351–52 n.5.

writ of mandamus to compel the commission to approve its application. Id., 350–51. The trial court denied the writ of mandamus and we affirmed the judgment of the trial court, concluding: "Section 4.7 of the . . . subdivision regulations prohibited the defendant from processing the application until a copy thereof had been filed with the wetlands commission. Where the effect of automatic approval would result in a questionable certificate of approval because another law is violated, the plaintiff's right to have the duty performed is far from clear. . . . We are not persuaded that the trial court should have overlooked § 4.7 and found that the plaintiff had a clear right to have the certificate of approval issued." (Citations omitted.) Id., 354–55.

Although our decision in *Coastal Suburban Builders, Inc.* v. *Planning & Zoning Commission*, 2 Conn. App. 489, 479 A.2d 1239 (1984), examined whether a zoning commission's failure to act in a timely manner on an application for a special exception resulted in an automatic approval of the application, it nonetheless provides useful guidance in this context. In *Coastal Suburban Builders, Inc.*, the plaintiffs filed an application for a special exception to the zoning regulations. Id., 490. Pursuant to General Statutes § 8-3 (g), the plaintiff petitioned for a writ of mandamus to compel the commission to grant the special exception because the commission had failed to act within the time provided by the local zoning regulations and General Statutes § 8-7d (b). Id., 491. The trial court denied the writ of mandamus and we affirmed the judgment of the trial court, concluding: "The special exception which the plaintiffs sought was not allowed in an R-4 zone. If the exception had been granted, the [commission] would have clearly abused its discretion. We cannot compel the performance of an unlawful act." Id., 493.

*Winchester Woods Associates, Par Developers, Ltd.*, and *Coastal Suburban Builders, Inc.*, collectively

establish that when a planning commission either engages in conduct other than the three actions set forth in § 8-26 or fails to take any action within the statutory time period, it will result in an automatic approval of the application unless (1) a statute or regulation justifies the commission's conduct or (2) granting a writ of mandamus would compel the performance of unlawful conduct.

An examination of the factors that the commission relied on in this case in refusing to process the plaintiff's application demonstrates that neither of these two limited exceptions applies in the present case. First, the commission refused to process the application because "if a zoning permit were requested upon approval of such a subdivision, it would be denied under § 60-3.12.A.(2)."[4] Section 60-3.12.A(2) is irrelevant to the commission's determination as to whether it could properly refuse to process a subdivision application. While the commission is a combined planning and zoning commission, the application was submitted to it in its capacity as a planning commission. The plaintiff did not submit an application to the zoning inspector for a zoning permit, which is when this provision applies. The regulation by its own terms applies only where a zoning permit is requested from the zoning inspector and the pending proceeding is either an application to the zoning board of appeals or another action relating to a previous request for a zoning permit. Accordingly, § 60-3.12.A.(2) did not authorize the commission to refuse to process the plaintiff's application.

---

[4] Section 60-3.12.A of the New Canaan regulations provides in relevant part: "Any application to the Zoning Inspector for 'a zoning permit made under Article III shall be void and of no effect if . . .

"(2) . . . An appeal is pending before the Zoning Board of Appeals or any legal proceeding is pending before any court of competent jurisdiction or pending in any other form of dispute resolution relating to a zoning permit or on an application for a zoning permit on the same land, building, structure or use thereof as to which such application is being made . . . ."

Second, the commission refused to process the plaintiff's application because it "did not wish to be placed in the situation reflected in *Arway* v. *Bloom*, [supra, 29 Conn. App. 469]." The commission's reliance on *Arway* is misplaced. In *Arway*, we observed that the "legislative history of Public Act 77-545 [which amended § 8-26] thus indicates that while the planning commission was expected to review a report of the wetlands commission prior to making its own decision, each agency was expected to make its own independent decision on the application before it, within the appropriate time limits allowed by statute. . . . There is nothing to indicate that the validity of the planning commission's decision was intended to be contingent upon the ultimate validity of the wetlands decision." (Citation omitted.) Id., 478. In *Ventres* v. *Inland Wetlands & Watercourses Commission*, 25 Conn. App. 572, 575, 595 A.2d 914, cert. denied, 220 Conn. 921, 597 A.2d 344 (1991), the plaintiff claimed that the planning commission had improperly denied approval of his subdivision application because, while the decision of the wetlands agency was pending appeal, the planning commission did not possess a final decision from the wetlands agency as required by § 8-26. In rejecting the plaintiff's claim, we concluded that "the wetlands agency's final decision was contained in the report that the [planning] commission received and therefore satisfied the statute." (Internal quotation marks omitted.) Id.

In the present case, the record discloses that the wetlands commission approved the plaintiff's wetlands application and granted a regulated activities permit. Although the decision of the wetlands commission was pending appeal to the Superior Court, *Arway* and *Ventres* establish that § 8-26 did not prohibit the commission from reaching the merits of the plaintiff's subdivision application despite the pending appeal. Accordingly, § 8-26 did not authorize the commission to refuse to process the plaintiff's application.

Because neither of the two factors the commission relied on legitimizes its refusal to process the plaintiff's application, § 8-26 required the commission either to approve, modify and approve, or disapprove the application. The commission's failure to take one of the three specified actions within the statutory period resulted in an automatic approval of the plaintiff's application. *Merlo* v. *Planning & Zoning Commission*, supra, 196 Conn. 682; *Carpenter* v. *Planning & Zoning Commission*, supra, 176 Conn. 593.

Important policy considerations also militate in favor of this interpretation of § 8-26. In *Finn* v. *Planning & Zoning Commission*, 156 Conn. 540, 544, 244 A.2d 391 (1968), our Supreme Court stated that "[t]he obvious intention of the legislature in using [the automatic approval provision] was to ensure prompt and expeditious action on subdivision applications for the protection of the subdivider. The language of the statute is mandatory." "Although there is no reported legislative history regarding the automatic approval provision of General Statutes § 8-26, the purpose of the provision is obvious: to deter . . . commissions from unduly delaying their consideration and resolution of applications for subdivision approval." *Koskoff* v. *Planning & Zoning Commission*, 27 Conn. App. 443, 457, 607 A.2d 1146 (1992) (*Heiman, J.*, dissenting), cert. granted, 222 Conn. 912, 608 A.2d 695 (1992) (appeal dismissed November 10, 1992).

The majority frustrates this objective by concluding that § 8-26 authorizes a commission to refuse to process an application regardless of whether such refusal is warranted, thereby eviscerating the two limited exceptions established by *Winchester Woods Associates, Par Developers, Ltd.*, and *Coastal Suburban Builders, Inc.* In doing so, it has conferred upon planning and zoning commissions the discretion to place a moratorium on

development while at the same time insulating themselves from the consequences of the automatic approval provision of § 8-26. I do not believe that § 8-26 authorizes a planning commission to decide when it wants to receive and process a subdivision application. See *Viking Construction Co.* v. *Planning Commission*, 181 Conn. 243, 247, 435 A.2d 29 (1980). If § 8-26 is to have the meaning the legislature expressed in clear and unambiguous language, then the commission had a clear duty to accept the application and to act on it as provided by statute.

Because the commission failed to take one of the three actions specified in § 8-26 within the statutory time period and neither of the established exceptions apply to this case, I would reverse the judgment of the trial court and remand the case with the direction that the trial court grant the plaintiff's writ of mandamus.