[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Arthur L. Sciortino, Michael Sciortino and Richard J. Sciortino, bring this action requesting that a writ of CT Page 15565 mandamus issue against the defendant, Town of Trumbull, ordering the Town to improve Fox Road, an "ancient highway".[1] The parties entered into two separate agreements, one in 1971, and one in 1974, in which the Town and plaintiff Michael Sciortino agreed to contribute their respective proportionate shares of the cost of improving Fox Road; pursuant thereto, plaintiff Michael Sciortino tendered his proportionate share of the cost to the Town.[2] The Town has not returned the funds tendered by Michael Sciortino. The plaintiffs claim that the Town has wrongfully refused to fulfill its obligation to improve Fox Road. The Town claims that the plaintiffs must first file an application with, and gain approval from, the town planning and zoning commission before the Town's obligation to improve the road will arise.
"A party seeking a writ of mandamus must establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to the performance of that duty; and (3) that the plaintiff has no adequate remedy at law. . . . Even satisfaction of this demanding test does not, however, automatically compel issuance of the requested writ of mandamus. . . . In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity. . . . In the exercise of that discretion, special caution is warranted where the use of public funds is involved and a burden may be unlawfully placed on the taxpayers . . . ." (Citations omitted; internal quotation marks omitted.) Hennessey v. Bridgeport,213 Conn. 656, 659-60, 569 A.2d 1122 (1990). "It is well settled that a court may not entertain a mandamus action if the plaintiff has an adequate remedy at law." Department of Utilities v. Carothers,28 Conn. App. 674, 678, 613 A.2d 316 (1992).
"Even [if] the plaintiff has a legal right to the matter sought, the writ will not issue if that right be nothing more than a naked right. In addition to a bare legal right, he must have the proper interest in, and a proper purpose to be served by, the doing of the act sought to be ordered . . . If the right sought to be enforced is or has become a mere abstract right, the enforcement of which will be of no substantial or practical benefit to the petitioner, the writ will not issue though otherwise the applicant would be entitled to it." (Internal quotation marks omitted.) Golden Hill Paugussett Tribe of Indiansv. Weicker, 51 Conn. App. 552, 555, ___ A.2d ___ (1999). CT Page 15566
"Although mandamus is a legal remedy, it is governed by equitable principles . . . and will not issue to compel a violation of the law. . . . Numerous cases have denied writs of mandamus where automatic approval conflicted with other laws." (Citations omitted.) Par Developers, Ltd. v. Planning ZoningCommission, 37 Conn. App. 348, 354, 655 A.2d 1164 (1995).
"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. . . . It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. . . . Golab v. New Britain, 205 Conn. 17,19-20, 529 A.2d 1297 (1987)." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 54 Conn. App. 645, 653, ___ A.2d ___ (1999).
"[M]andamus is . . . designed to enforce a plain positive duty. The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance. . . . Gelinas v. West Hartford,225 Conn. 575, 586, 626 A.2d 259 (1993). . . . It, therefore, cannot be invoked to enforce a discretionary act. Hennessey v. Bridgeport,213 Conn. 656, 659, 569 A.2d 1122 (1990). Mandamus neither gives nor defines rights which one does not already have. . . . It acts upon the request of one who has a complete and immediate legal right; it cannot and does not act upon a doubtful and contested right. Sterner v. Saugatuck Harbor Yacht Club, Inc.,188 Conn. 531, 533-34, 450 A.2d 369 (1982). The plaintiff in an action for a writ of mandamus bears the burden of proving the deprivation of a clear legal right that warrants the imposition of such an extraordinary remedy. Light v. Board of Education, 170 Conn. 35,38, 364 A.2d 229 (1975)." (Citations omitted; internal quotation marks omitted.) Honan v. Greene, 37 Conn. App. 137, 143,655 A.2d 274 (1995).
Neither the 1971 agreement nor the 1974 agreement sets a deadline by which the Town of Trumbull would be required to act. It has now been nearly thirty years since the initial agreement. Nonetheless, based on the facts of this case, a writ of mandamus is not warranted).[3]
The plaintiffs have failed to establish any of the three necessary prongs of the mandamus test, and failure to meet but CT Page 15567 one of the prongs would mitigate against mandamus. See Hennesseyv. Bridgeport, supra, 213 Conn. 658-59. The plaintiffs have failed to establish that, at the present time, they have a clear and immediate legal right to have Fox Road paved. Under both the 1971 and 1974 agreements, the Town did not, as noted, agree to improve Fox Road by a set date. In addition, the plaintiffs do not have a clear and immediate legal right, in part because, although the town inland wetlands regulations were not part of the evidence introduced at the hearing, uncontested hearing testimony revealed that current inland wetlands regulations, enacted after both agreements were made, but still as far back as the 1970's, require that an application must first be made with the town inland wetlands commission before any road can be built.
Moreover, the plaintiffs apparently presently want to build, and did want to build in the past, a subdivision on the vacant portion of their property which abuts Fox Road. (See Court's Exhibit; Defendant's Exhibit D.) Regardless of the intent of the parties at the time the agreements were entered into, if the plaintiffs' present intent is to build a subdivision,[4] they must also preliminarily file a subdivision application with the town planning and zoning commission, as well as the aforementioned application with the town inland wetlands commission, and must also comply with the relevant portions of the town road construction regulations and town subdivision regulations before any action can be taken towards improving Fox Road.[5] Because of these administrative and procedural requirements, whether they be wetlands-related or subdivision related, the plaintiffs cannot be deemed to have a clear and immediate legal right to simply have Fox Road improved.[6]
Secondly, the plaintiffs have failed to establish that the Town does not have discretion with respect to its obligations under the 1971 and 1974 agreements. Again, the agreements do not specify when the Town must improve Fox Road. Rather, the agreements, silent on the topic, cannot be said to deny the Town discretion as to when it will make the improvements, and the existence of discretion, whether the time be past, present or future, weighs against mandamus.
Finally, the plaintiffs have failed to establish that they have no adequate remedy at law. The plaintiffs could have sought return of their deposits, which, of course, is not full recourse as to the present claim. Further, however, the court is not persuaded that this essentially contract-based claim is not CT Page 15568 actionable. One can see problems, of course, as, e.g., when breach occurred. Yet the court has not been persuaded that money damages for loss of use or profit could not lie, were plaintiffs correct about the unconditional nature of the agreements.
A Court would also do well to exercise caution in this case because it involves the potential use of public funds. At present, the prospect of subdivision raises this concern. That is to say, the Town has not agreed, in either the 1971 or 1974 agreements, to install any of the underground utilities which a contractor is required to install for a subdivision.[7]
Therefore, were the Court to order the Town to improve Fox Road before plaintiffs file a subdivision application, if that is the intention, the improved portion of Fox Road would have to be subsequently torn up so that underground utilities could be installed for said subdivision. Such an order, made with the Court's knowledge that the road will subsequently be torn up, could possibly place an arguably unlawful burden on Trumbull taxpayers.
Moreover, if anything, the plaintiffs merely have a bare legal right. If the Court were to issue the requested writ ordering the Town to improve Fox Road, no practical benefit would result. The plaintiffs would not receive any substantial or practical benefit from an order that Fox Road be improved pursuant to the terms of the agreements, which agreements do not encompass underground utilities for a subdivision. There are two reasons why no practical benefit would result from the Town immediately improving Fox Road (assuming the necessary administrative and procedural requirements are complied with): 1) the adjacent residential lots are now serviced by cul-de-sacs; and, 2) the plaintiffs have failed to deny any subdivision aspirations, which aspirations would require the road to be torn up so that underground utilities can be installed at the plaintiffs convenience.
Finally, if court were to issue a writ of mandamus, the order would presumably issue in violation of the law. An order requiring the Town to immediately improve Fox Road would conflict with town inland wetlands regulations, which regulations require the filing of an application prior to road construction.
Accordingly, the plaintiffs' request for a writ of mandamus, ordering the Town to improve Fox Road, is denied. CT Page 15569
The Town must, of course, refund plaintiff's money, with appropriate interest, should it be requested to do so.
The Court
By
Nadeau, J.