[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Plaintiff, a school teacher, has brought this mandamus action to compel the defendant school board to provide, pursuant to Conn. General Statutes Sec. 10-235(b), (hereinafter Sec. 10-235(b)) legal representation for him in a separate action brought by "Jane Doe" for sexual assault, infliction of emotional damage, etc.
The defendant has denied that it is obligated to defend the plaintiff under the quoted statute "because the underlying lawsuit does not allege that the plaintiff's conduct was undertaken in discharge of his duties as a teacher or that the conduct was within the scope of his employment or done at the direction of the Board of Education". The defendant maintains, furthermore, that "the alleged conduct is such that it cannot be considered to be in discharge of the plaintiff's duties as a teacher or within the scope of his employment or done at the direction of the Board of Education."
The plaintiff has filed a Motion for Summary Judgment. Both parties have filed briefs.
Summary judgment should be granted when the pleadings, affidavits, and any other proof submitted show that there are no genuine issues of material fact and that the moving party is entitled to judgment as matter of law. Practice Book Section 17-49.
"In deciding a motion for summary judgment the trial court must view the evidence in the light most favorable to the non-moving party." Elliotv. City of Waterbury, 245 Conn. 385, 391 (1998). The test for granting summary judgment is whether a party should be entitled to a directed verdict on the same facts, or in other words where, "the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Mullen v. Horton, 46 Conn. App. 759, 763 (1991). The "burden of proof is on the moving party and the standards of summary judgment are strictly and forcibly applied." Miller v. UnitedTechnologies Corporation, 233 Conn. 732, 752.
While the defendant quotes from both part (a) and part (b) of Sec.10-235,[1] part (b) is the only section applicable to this case. This section provides as follows: CT Page 1830-an
 "In addition to the protection provided under subsection (a) of this section, each . . . board of education . . . shall protect and save harmless . . . any teacher . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such . . . teacher . . . by reason of alleged malicious, wanton or wilful act or ultra-virus act, on the part of such . . . teacher . . . while acting in the discharge of his duties. In the event such . . . teacher . . . has a judgment entered against him for a malicious, wanton or wilful act in a court of law such board of education . . . shall be reimbursed by such . . . teacher . . . for expenses it incurred in providing such defense and shall not be held liable to such . . . teacher . . . for any financial loss or expense resulting from such act."
To the best of this Court's knowledge there is no Connecticut case directly on point nor has the defendant cited any in this or any other jurisdiction.
As to the defendant's initial claim that the underlying lawsuit does not allege that the plaintiff's conduct was undertaken in discharge of his duties as a teacher or allege that the conduct was within the scope of his employment or done at the direction of the board of education, the defendant previously filed a Motion to Strike the complaint. Judge Wagner rendered a decision finding that the plaintiff in the "Jane Doe" case had alleged enough information to make clear the nature of her complaint in that case. Since that complaint was included in the complaint in this case, this was sufficient to make out a cause of action within the framework of Sec. 10-235(b).
The plaintiff maintains that this decision becomes the law of the case and that this Court should be bound thereby. The defendant claims that the Court is not bound by the decision of Judge Wagner. This Court is in agreement with the defendant that a court is not bound by a decision of a prior judge in re an interlocutory matter, but in this case the Court believes that the decision of Judge Wagner is correct and elects to regard his determination as the "law of the case".
The allegations against the teacher are not only sufficient to make out a cause of action under Sec. 10-235(b) but in the opinion of this Court CT Page 1830-ao the determination by Judge Wagner is sufficient to resolve the principal issue in this case, which is simply has the plaintiff claimed in this case that "Jane Doe" has brought suit against him in which she has alleged a malicious, wanton or wilful act or ultra vives act by him while acting in the discharge of his duties. The answer is affirmative.
As to the defendant's denial of coverage because the alleged conduct cannot be considered to be in the discharge of the plaintiff's duties as a teacher the Court must first point out that the statute refers to alleged conduct. Allegations of misconduct while in discharge of his duties are sufficient to invoke the statute. The statute applies to the beginning of a procedure and not to the termination of same. There is nothing in this statute to indicate that the obligation to provide a defense is dependent upon an initial determination of guilt or innocence. If it did, the statute would be pointless.
The statute is clearly aimed at a situation which is not uncommon in today's world. Teachers and others in the delicate position of guiding children and making decisions affecting them are very open to spurious claims and revenge for adverse decisions; defense of which would ruin them financially even if innocent.
The reliance by the defendant upon a failure to answer a Motion for Admissions and a Deposition of the plaintiff is misplaced. They are irrelevant to the issue before this Court. The Motion for Admissions and a Deposition while applicable to the underlying case should not be considered in the present case.
The issue before this Court is whether or not based upon Sec. 10-235(b) a Writ of Mandamus should issue.
In the opinion of this Court, it should be issued. Allegations of malicious, wanton, wilful and even ultra-vives[2] acts on the part of this teacher while acting in the discharge of his duty have been made in a legal action. The above are sufficient to entitle the plaintiff to a defense by the defendant.
"A writ of Mandamus is available only if (1) the party applying for the writ has a clear legal right to have the duty performed; (2) the defendant has no discretion with respect to performance of that duty, and (3) the plaintiff has no adequate remedy at law." Par Developers Ltd. v.Planning Zoning Commission, 37 Conn. App. 348, 352 (1995). Harlow v.Planning Zoning Commission, 194 Conn. 187, 196 (1984). CT Page 1830-ap
In the opinion of this Court the plaintiff has a right to this representation. The board has no discretion. The plaintiff has no other adequate remedy at law to compel the Board to perform its duty to defend him.
There are no genuine issues of material fact. Only conclusions of law are involved and a summary judgment is warranted.
Summary Judgment for the plaintiff is granted and the defendant is ordered to provide a legal defense to the plaintiff in the underlying "Jane Doe" action.
Hale, JTR