******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

ROBERT H. LAWRENCE, JR. *v*. DEPARTMENT
OF ENERGY AND ENVIRONMENTAL
PROTECTION
(AC 39496)

Lavine, Elgo and Beach, Js.

*Syllabus*

The plaintiff appealed to this court from the judgment of the trial court
dismissing his administrative appeal from the decision by the Commissioner of Energy and Environmental Protection granting an application
by H Co. to construct a residential dock and pier adjacent to certain
waterfront property. Thereafter, the trial court granted H Co.'s motion
to intervene as a defendant. After a trial to the court, the trial court
determined that the plaintiff had not established that he was classically
aggrieved by the decision of the commissioner and that the plaintiff
lacked statutory (§ 22a-19) aggrievement in all respects, except for his
claim of visual degradation. On appeal to this court, the plaintiff claimed,
inter alia, that the trial court improperly concluded that he was not
classically aggrieved and that he was statutorily aggrieved under § 22a-
19 only with respect to his claim of visual degradation. *Held* that the
trial court properly dismissed the plaintiff's appeal; because the trial
court properly resolved the issues in its memorandum of decision, this
court adopted the trial court's well reasoned decision as a proper statement of the relevant facts, issues and applicable law.

Argued October 12—officially released December 12, 2017

*Procedural History*

Appeal from the decision by the defendant granting
an application by 16 Highgate Road, LLC, to construct
a residential dock and pier, brought to the Superior
Court in the judicial district of Stamford-Norwalk and
transferred to the Superior Court in the judicial district
of New Britain, where the court, *Schuman*, *J.*, granted
the motion to intervene as a defendant filed by 16 Highgate Road, LLC; thereafter, the matter was transferred
to the Superior Court in the judicial district of Hartford,
Land Use Litigation Docket, and tried to the court,
*Berger*, *J.*; judgment dismissing the appeal, from which
the plaintiff appealed to this court. *Affirmed*.

*James R. Fogarty*, for the appellant (plaintiff).

*Sharon M. Seligman*, assistant attorney general, with
whom, on the brief, were *George Jepsen*, attorney general, and *Matthew I. Levine*, assistant attorney general,
for the appellee (defendant).

*John P. Casey*, with whom, on the brief, were *Evan
J. Seeman* and *Andrew A. DePeau*, for the appellee
(intervenor 16 Highgate Road, LLC).

*Opinion*

PER CURIAM. The plaintiff, Robert H. Lawrence, Jr., appeals from the judgment of the Superior Court dismissing his administrative appeal from the decision of the Commissioner of Energy and Environmental Protection (commissioner) granting the application of 16 Highgate Road, LLC (Highgate), to construct a residential dock and pier. The plaintiff claims that the court improperly concluded that (1) he was not classically aggrieved by the commissioner's decision, (2) he was statutorily aggrieved under General Statutes § 22a-19 only with respect to his claim of visual degradation, (3) the commissioner's decision was supported by substantial evidence in the record and (4) the commissioner's decision complied with all applicable laws and regulations. We affirm the judgment of the Superior Court.[1]

The facts relevant to this appeal are not in dispute. In 2012, Highgate filed an application with the defendant, the Department of Energy and Environmental Protection (department), through its office of Long Island Sound Programs, for a permit to construct a residential dock and pier adjacent to waterfront property known as 16 Highgate Road in Greenwich. While that application was pending, the plaintiff intervened pursuant to § 22a-19 (a).[2] Following an evidentiary hearing that spanned six days, Kenneth M. Collette, a hearing officer with the department, issued a proposed final decision approving the application, subject to certain modifications. The plaintiff subsequently filed twenty-six exceptions to that proposed decision and requested argument thereon. The commissioner heard arguments from interested parties on January 20, 2015. The commissioner thereafter issued a final decision, in which he determined that the proposed activity complied with all applicable statutes and regulations, and would not unreasonably pollute, impair, or destroy the public trust in the air, water or other natural resources of the state.[3]

Pursuant to General Statutes § 4-183, the plaintiff appealed from that decision to the Superior Court. Following a hearing, the court rendered judgment dismissing the appeal. In so doing, the court determined that the plaintiff had not established that he was classically aggrieved by the decision of the commissioner. The court also emphasized, consistent with well established precedent, that standing to bring an appeal pursuant to § 22a-19 is limited to environmental issues only. See *Pond View, LLC* v. *Planning & Zoning Commission*, 288 Conn. 143, 157, 953 A.2d 1 (2008) ("an intervenor's standing pursuant to § 22a-19 strictly is limited to challenging only environmental issues"). After scrutinizing the allegations of the plaintiff's complaint, the court concluded that the plaintiff lacked such statutory aggrievement in all respects, except for his claim of visual degradation. The court then reviewed the administrative record and concluded that it contained sub-

stantial evidence to support the commissioner's decision on that claim. It further concluded that the plaintiff had not demonstrated that the commissioner failed to comply with any applicable law or regulation. From that judgment, the plaintiff appealed to this court.

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment should be affirmed. On the facts of this case, the issues properly were resolved in the court's well reasoned memorandum of decision. See *Lawrence* v. *Dept. of Energy & Environmental Protection*, Superior Court, judicial district of Hartford, Land Use Litigation Docket, Docket No. CV-15-6066232-S (July 18, 2016) (reprinted at 178 Conn. App.    ). We therefore adopt it as the proper statement of the relevant facts, issues, and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein. See *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Council*, 311 Conn. 259, 262, 86 A.3d 463 (2014); *Pellecchia* v. *Killingly*, 147 Conn. App. 299, 301–302, 80 A.3d 931 (2013).

The judgment is affirmed.

[1] In hearing administrative appeals such as the present one, the Superior Court acts as an appellate body. See General Statutes § 4-183 (j); see also *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, 286 Conn. 57, 85, 942 A.2d 345 (2008) (noting that Superior Court sits "in an appellate capacity" when reviewing administrative appeal); *Par Developers, Ltd.* v. *Planning & Zoning Commission*, 37 Conn. App. 348, 353, 655 A.2d 1164 (1995) (distinguishing administrative appeals in which Superior Court "reviewed the agency's decision in an appellate capacity").

[2] At all relevant times, the plaintiff owned real property in Greenwich known as 3 Seagate Road, which is approximately 400 feet southwest of 16 Highgate Road. In granting the plaintiff's notice of intervention, the hearing officer ruled that "in the interest of the orderly conduct of the proceeding, the [plaintiff] will be limited to presenting evidence on the environmental issues articulated in [his] notice to intervene under § 22a-19 . . . ."

[3] In his final decision, the commissioner found that "the record . . . demonstrates that the impact of the proposed project to tidal wetlands, the intertidal flat, wildlife and other natural resources in the area is minimal." The commissioner further observed that "[w]hile it is true the dock will be built and be located in an area that supports a variety of wildlife, no credible evidence has been presented to demonstrate that the proposed structure will result in an adverse environmental impact to the project area. In fact, the record reflects that the dock is likely to have a positive impact on the vegetation in the tidal wetlands, due in part to the planned removal of stone debris in the area as required by the permit terms, which will create an additional 600 to 700 square feet of wetlands and allow tidal vegetation to repopulate the area. In addition, the dock will provide a way of accessing the water without walking through the tidal wetlands and thus will curb the physical breakage, uprooting and trampling of vegetation in the wetlands that is currently occurring."